## No. 1233.

THE STATE OF LOUISIANA VS. BENJAMIN ALLEN AND WILEY CARTER.

Secction 1010 Revised Statutes regulates the method of conducting preliminary examinations in criminal cases; and, so far as the testimony of witnesses is concerned, it is only required that it should be reduced to writing by the magistrate or under his orders, and it is not made necessary that it should be signed by the witnesses or certified by the judge. When, on trial, the witness is unobtainable after due diligence, his former testimony so taken, when its genuineness and official character are properly established by proof, may be used in evidence.

Where, when a case is on trial, a subpœna issued to a witness formerly residing in an adjoining parish has not yet been returned, evidence may be received showing that he has left and is absent from the parish, and that it is impossible that the subpœna should reach him. Such evidence lays a sufficient foundation for the introduction of the testimony of such witness taken on the preliminary trial, where it appears that his absence and whereabouts were unknown to the District Attorney, so as to enable him to have secured his attendance.

Objection to the statement by a witness of conversation overheard between the accused and another person, on the ground that the witness was playing the eavesdropper, may go to the effect, but not to the admissibility of the evidence.

Where witnesses are heard on matters affecting solely the questions touching the admissibility of evidence, and to be determined by the judge alone, there is no error in hearing them out of the presence of the jury.

One indicted as principal in a murder cannot be convicted thereunder as accessory after the fact.

APPEAL from the Twelfth District Court, Parish of Grant. *Blackman,* J.

*M. J. Cunningham,* Attorney General, and *John C. Wickliffe,* District Attorney for the State, Appellee.

*Edwin G. Hunter* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J. The two defendants were jointly indicted for the murder of William Brown.

The jury returned a verdict finding Allen guilty, without capital punishment, and Carter guilty as accessory after the fact.

Numerous errors are assigned on bills of exception:

1. The State offered the testimony of George Neal, taken in writing on the preliminary trial, for the purpose of proving that " on the night that the deceased Brown came to his death he was not drunk, but sober;" to the reception of which several objections were urged:

First. That there was nothing in the evidence to show that the witness was a competent judge as to whether one was drunk or sober, and that the evidence was but the opinion of the witness. This is frivolous on its face.

Second. That the evidence, though reduced to writing, had not been signed by the witness or certified by the committing magistrate.

The mode of conducting preliminary examinations is regulated in this State by section 1010 of the Revised Statutes, which makes it the duty of the judge " to examine on oath such witnesses as may appear against him and to reduce their deposition to writing. It shall also be his duty to receive the voluntary declaration of the person accused, and the answers which, without promise or threat, he shall make to the questions which the examining judge or magistrate shall put to him, and to cause them to be reduced to writing and signed by the prisoner in his presence and that of two witnesses, and to certify the declaration with his signature, which declaration thus certified and signed shall be evidence before the grand and petit jury."

It thus conclusively appears that the requirements of signature by the declarant and of certificate by the judge apply exclusively to the declaration of the accused ; and that as to the testimony of witnesses, the law requires no more than that they should be examined on oath and that their statements should be reduced to writing. It is useless to refer to English statutes requiring witnesses to sign and magistrates to certify, when these requisites have been dispensed with by our own legislation.

The judge a quo, who appears to have been himself the judge who acted at the preliminary trial, permitted evidence to be introduced establishing the genuineness of and character of the written deposition, which evidence is referred to in his reasons and attached to the bill. It is complete and satisfactory and fully established that the writing offered was the true deposition of Neal taken under oath at the preliminary trial and reduced to writing in full accordance with the law.

Third. That the proper foundation had not been laid for the introduction of such evidence by establishing inability, after the exercise of due diligence, to obtain the witness himself. It appears that the witness had been a resident of Rapides parish. The case had, on May 6, been set for trial on the 11th of that month. On the 9th subpœna was issued for the witness, addressed to the sheriff of Rapides, which had not been returned. On the 12th the State moved for a continuance on that ground, which was refused, to which refusal the State reserved a bill. The reason assigned by the judge was that he " had positive personal knowledge that George Neal was not in the parish of Rapides and that the Sheriff could not find him ; that delay would be

ot no service; * * that the State could establish by abundant evidence that Neal was unobtainable, which would establish the legal basis for the admission of Neal's evidence on the preliminary trial."

To this ruling of the court defendants did not except.

Accordingly, when defendants objected to the reception of Neal's testimony on the ground that the subpœna issued to Rapides had not been returned, the State proved by witnesses that Neal was not in the parish of Rapides, that he had left there long previously and had been absent for a considerable period. The evidence is conclusive on the point, and the absence of the return on the subpœna became matter of no possible consequence. It is shown that the district attorney had no knowledge of the departure of Neal until after the issuance of the subpœna, and had the latter been issued in time to be returned the case would have been in no better position. There would simply have been a return of the sheriff showing that he had been unable to find Neal in the parish of Rapides, instead of proof by witnesses that Neal was not in Rapides, and, of course, could not be found there.

We think, under these circumstances, the basis laid for the reception of the evidence is sufficient.

2. The next exception is taken to the judge's action in limiting the cross-examination of a witness by preventing the continuance of such questions as these: Would you, in order to save your own life, swear to a falsehood? If you thought your mother would be hung if you told the truth would you tell it? Would you swear falsely for this court-room filled with twenty-dollar gold pieces? The judge gives excellent reasons for his limitation of this line of questioning and did not exceed the discretion vested in him to regulate in such matters the good order and dispatch of business in his court. Greenleaf on Ev. 3449; State vs. Benjamin, 7 Ann. 49.

3. Exception was taken to the testimony of a deputy sheriff as to a conversation which he had between Allen and a fellow-prisoner while listening at the door of their cell.

The objections are, that it was not voluntary because accused did not know Lacroix was listening, which is manifestly frivolous; that the conversation was not with the witness, which is without force; that the witness did not give the entire conversation, which is contradicted by the statement of the judge; and, finally, that such eavesdropping in an officer should not be tolerated. The last objection might well impair the weight of the testimony, but we know of no principle of law on which it could be excluded.

4. The bill numbered four objecting to the form of certain questions has no merit.

5. Bill numbered seven objects to a ruling of the judge excluding evidence of a conversation between counsel for the defendant and his clients. The ruling was correct.

6. Bill numbered eight attacks the ruling of the judge in hearing the testimony of a witness while the jury was out of court. The witness referred to was one of those examined exclusively on the question of George Neal's absence from Rapides parish, affecting simply the question of the admissibility of the evidence taken at the preliminary examination. The testimony was addressed to the judge alone, and to be acted upon only by him in determining the question of admissibility of the evidence.

7. The bill No. 9 to the action of the court in refusing to delay the progress of the examination of a witness in order to allow counsel to make notes of his statements, has no merit under the explanations given by the judge.

8. The same remark applies to bill numbered ten and also to bill No. 11, neither of which requires more particular statement.

9. Bill No. 12 and bill No. 13 cover the same objections to the reception of the testimony of George Neal taken on the preliminary trial, which have already been discussed.

The foregoing disposes of all the exceptions taken to the evidence.

We have now to consider the objection urged to the charge of the judge to the jury, as follows: "You can find one of the accused guilty as charged in the indictment, and the other guilty as accessory after the fact;" and the same error was urged as ground of a motion for new trial, exception to the overruling of which was duly reserved.

This objection, of course, only affects Wiley Carter, who, as we have seen, was found guilty as accessory after the fact; but it is fatal to the verdict and sentence as against him. He was indicted as a principal for murder, and the authorities seem unanimous that "an accessory after the fact cannot be convicted on an indictment charging him as principal." 1 Wharton Cr. L., sec. 245, citing a multitude of authorities; Desty's Am. Cr. L., p. 119, sec. 45.

It is therefore ordered, adjudged and decreed that the verdict and sentence appealed from, in so far as they affect defendant Wiley Carter, be and are hereby annulled, avoided and reversed, and that, in all other respects, they be now affirmed.