Case 40.—PROSECUTION AGAINST H. J. EVERSON FOR HOUSEBREAKING AND STEALING THEREFROM—Sept. 25.

## Commonwealth v. Everson.

Appeal from Jefferson Circuit Court (Criminal Branch.)

JOSEPH PRYOR, Judge.

Defendant acquitted and Commonwealth appeals. Reversed. Opinion certified.

1. Witnesses—Communications Between Husband and Wife—Testimony as to private communications between a husband and wife, overheard by the witness, is admissible against the husband.

2. Criminal Law—Evidence—Other Offenses—Motive—Burglary. —On a prosecution for housebreaking, it was error not to admit evidence that defendant had committed embezzlement by means of checks, which fact was shown by canceled checks in the burglarized house, as the evidence was competent on the question of motive.

N. B. HAYES, ATTY. GENL., JOE HUFFAKER, LORAINE MIX, O'NEAL & O'NEAL, and ISAAC T. WOODSON, for Comonwealth.

Commowealth v. Everson.

## POINTS AND AUTHORITIES CITED.

1. A third person who overhears a communication between hus-
band and wife may testify to same. (Greenleaf's Evidence, Vol.
1, Section 254; R. v. Simons, 6 ... & Payne, 541; Com. v.
Griffin, 110 Mass. 181; State v. Center, 35 Vt., 378; Wharton's
Law of Evidence, Vol 1, 427; Jones on Evidence, Vol. 3, Section
754.)

2. Evidence conducing to show a motive on the part of the ac-
cused for the commission of the crime with which he is charged
is competent to that extent. (Bess v. Commonwealth, 25 Ky. L.
R. Vol. 1. 1091; Burwell on Circumstantial Ev. Section 285;
O'Bryan v. Commonwealth, 89 Ky. 354; Same v. Commonwealth,
24 Ky. L. R. Part 2, 2511; Bishop New Crim. Proc. Vol. 1, Sec-
tion 1126; Stricklin v. Commonwealth, 83 Ky. 566; Am. & Eng.
Ency. of Law, Vol. 11, 505.)

3. Evidence of possession of stolen goods is competent. (Bran-
son v. Commonwealth, 92 Ky. 330; Cosby v. Commonwealth, 12
Ky. L. R. 982; Mullins v. Commonwealth, 11 Ky. L. R. 345.)

4. In order to introduce evidence showing the motive of the
accused concerning the commission of the alleged crime it is not
required that the accused should have been notified at the time he
was suspected of wrong doing as to the facts which justified the
suspicion.

OPINION BY CHIEF JUSTICE HOBSON—Opinion Certi-
fied.

H. J. Everson was indicted in the Jefferson
circuit court on the charge of housebreaking. He
was tried and acquitted. The commonwealth has
prosecuted an appeal on certain questions of law
arising on the trial. Only so much of the facts of the
case will be stated as is necessary for a proper under-
standing of the questions of law. Everson was in the
employ of the Moran Flexible Steam Joint Company,
as bookkeeper. The president and treasurer found
the corporation was short of its cash, and not know-
ing what had become of it, decided to discharge the
bookkeeper, which was done. After this, the corpora-
tion set about making an investigation of its affairs,
to ascertain what had become of the money, and about
this time its warehouse was broken into, its books and

checks were all stolen, and it charged Everson with the breaking. There was money in the drawer. This was left, but the papers were taken, showing that the thief was not in search of money. The places where the books and papers were kept were all ransacked as though by a person who knew where everything was kept. Everson's wife boarded with Mrs. Delara. He and his wife had separated, and there was a suit pending between them. He came to see his wife the evening before the breaking. That night, after he left, his wife acted singularly. He came again to see his wife the next evening, and Mrs. Delara went to the door of the room in which they were, to hear what passed, as his wife had acted singularly the night before. She testified that, while eavesdropping there, she heard his wife ask him, "Did you do what you were going to do last night?" He said, "Yes, it is all clear." She said: "Did you get the books?" He answered: "Yes, I got the books, all but one, and I am going back after that. I left the place a total wreck. When Jenkins goes there in the morning he will think a cyclone struck the place." She said: "Did you get the money?" He said: "I wasn't out for money. There was $17 or $18 in the safe." C. H. Jenkins was the secretary and treasurer of the company. The house was entered by a door to which Everson had a key, and he was shown to have had a key made which unlocked a door necessary to be opened to get into this door. He claims to have had this key made to unlock a door at his home.

The court refused to admit the evidence of Mrs. Delara on the ground that a communication between husband and wife was confidential. While neither the husband nor wife may testify as to any communication between them, the authorities so far as we can find, are unanimous in holding that third persons may testify to communications overheard by them between

husband and wife. Bank v. Hutchinson, 62 Kan. 9, 61 Pac. 443; State v. Center, 35 Vt. 379; Allison v. Barrow, 3 Cold (Tenn.) 414, 91 Am. Dec. 291; Gannon v. People, 127 Ill. 507, 21 N. E. 525, 11 Am. St. Rep. 147; Commonwealth v. Griffin, 110 Mass. 181; Rex v. Simons, 6 C. & P. 542. In the last case, Alderson, B., said: "What a person is heard saying to his wife, or even to himself, is evidence." The rules as to private communications between husband and wife is by all the authorities put on the same plane as private communications between attorney and client; and it has been said that if persons wish the communications they have with their attorneys to be kept secret, they should be careful not to talk in the hearing of others. 4 Wigram on Evidence, Sec. 2339; 1 Greenleaf on Evidence, Sec. 254. A contrary rule was not laid down in Scott v. Commonwealth, 94 Ky. 511, 15 Ky. L. R. 251, 23 S. W. 219, 42 Am. St. Rep. 371. There the prisoner had written a letter to his wife, and the letter was obtained from her. It was held that it could not be given in evidence against the prisoner. To have allowed the letter to be given in evidence against the prisoner, under the circumstances, would have been in effect to allow her to disclose the communication which the husband had made to her. The commonwealth also offered evidence tending to show that Everson had placed to his individual credit, at the American National Bank, two checks of the Steam Joint Company, amounting to about $600, and that these checks had not been issued by the company; that the defendant had obtained from the bank the bundle of checks containing these two checks. The court also ruled out this evidence.

The defendant could not be convicted of forging the checks, or of embezzling the money of his employer; but proof that he had embezzled the money of his employer, and that this fact was shown by the books and checks which were stolen when the warehouse was

broken open, was competent evidence against him upon the question of motive. The court should have admitted the evidence, and should have instructed the jury as to the purpose for which it might be considered by them. O'Brien v. Commonwealth, 89 Ky. 354, 11 Ky. L. R. 534, 12 S. W. 471; Bess v. Commonwealth, 116 Ky. 927, 77 S. W. 349, 25 Ky. Law Rep. 1091. If the defendant had embezzled the money of his employer, and if he had cashed the checks made out to himself, which had not been given to him by the company, and the books and the papers in the office showed these facts, there would be a strong motive prompting him to destroy the evidence of his guilt; and in cases of this sort, depending upon circumstantial evidence, proof of this character, showing a motive on the part of the defendant to commit the crime, is universally held competent.

We are, therefore, of the opinion that the circuit court erred in the rulings above indicated, and it is ordered to be so certified.

Case 41.—MOTION BY SARAH I. GARDNER and OTHERS IN THE APPELLATE COURT FOR AN ALLOWANCE TO AN EXECUTOR, AND TO THE GUARDIAN AD LITEM FOR THEIR SERVICES IN AN ACTION THAT HAD BEEN AFFIRMED IN SAID COURT BETWEEN APPELLANTS AND MARY B. MOSS &c—Sept. 25.