# Bell *v.* The State.

## *Murder.*

(Decided June 30, 1908. 47 South. 242.)

1. *Evidence; Testimony on Preliminary Trial; Predicate for Introduction.*—Where the testimony showed only that the deputy sheriff had been unable to locate the witness in the southern part of the county and in the neighboring part of Florida, and there was no evidence showing by inference even that the witnesses were out of the state, no sufficient predicate is shown for the admission of the written testimony of such witnesses taken down at the preliminary trial.

2. *Same; Primary and Secondary.*—While one may show as primary evidence that a letter was sent through the mail, the letter and the envelope containing it, are the best evidence of the source, contents and postmark, and until their loss is shown, other evidence in respect thereto is inadmissible.

3. *Trial; Request for Instructions; Request in Bulk.*—Unless all the charges requested were good, the court will not be put in error for refusing them when the request is in bulk.

Appeal from Covington Circuit Court.

Heard before Hon. H. A. Pearce.

Will Bell was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

R. E. L. Cope, for appellant. No brief came to the Reporter.

Alexander M. Garber, Attorney-General, for the State.

McCLELLAN, J.—The defendant was convicted of manslaughter in the first degree. The entire testimony for the state, and of the most material importance on the trial, consisted of the statements of two absent witnesses taken down on the preliminary trial of this defendant. A predicate for the introduction of these statements was undertaken to be laid; but it was insufficient,

in that it was not shown, by inference even, that these witnesses were at the time of trial outside the state. The most that could be said of the testimony assuming to lead to the establishment of the proper predicate is that a deputy sheriff had been unable to locate these men in the southern part of Covington county and in the neighboring part of Florida. The essentials to the laying of a sufficient predicate for the introduction of such testimony have been too often declared here to necessitate a repetition.—5 Mayfield's Dig. p. 414; *Kirkland's Case,* 141 Ala. 43, 37 South. 352.

While the fact of having seen a letter purporting to be from the absent witnesses was admissible as primary evidence, the letter and containing envelope were the best evidence of their source, contents and postmark, and, until their loss was shown, other evidence in respect to them was inadmissible.—*Kirkland v. State,* 141 Ala. 45, 37 South. 352.

The special charges, requested for the defendant, do not appear, from this record, to have been separately so requested. The court cannot, therefore, be put in error, unless all of the requested charges were good. Among those asked is the affirmative charge for the defendant, which could not have been properly given under the state of the proof.

For the error in the admission of the statements of the absent witnesses, the judgment is reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.