# Carter *v.* The State.

## Assault and Battery With a Weapon.

(Decided May 16, 1912.   Rehearing denied June 19, 1912.
59  South.  222.)

1. *Evidence; Character; Time.*—The evidence of the bad char-
acter of accused must be confined in point of time to a period up
to and anterior to the commission of the offense, for which a de-
fendant is being tried.

2. *Same; Photographs.*—Where prosecutor's attending physician
testified that certain photographs of the prosecutor showed wounds
which appeared on prosecutor's body at the time the physician exam-
ined him, the photographs were admissible to show the places on
prosecutor's body which had been perforated or struck by the shot
fired from defendant's gun.

3. *Same; Scars; Identification.*—Where a photograph was taken
of the prosecutor's body after he was shot, which showed marks
not usually found on a man's body, and the prosecutor knew what
these marks were, it is competent for him to testify that the marks
shown on the photograph indicated the places where the shot from
defendant's gun struck him.

4. *Trial; Reception of Evidence; Motion to Strike.*—Where a char-
acter witness answered, upon being asked if he knew the general
character of the defendant in the community in which he lived
"from what I have heard, it was bad.' and no motion was made
to exclude the answer, but on cross examination defendant's coun-
sel asked questions which showed that the opinion was based on
certain evil reports which the witness had heard both before and
after the commission of the offense for which he was being prose-
cuted, and then the defendant asked the witness if, in his opinion,
the character of the defendant was bad, to which the witness replied,
"from what I have heard," a motion to strike the latter answer was
properly denied, since the defendant voluntarily asked the question
after being placed on notice of what the witness' former answer
had been.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Edmund Carter was convicted of an assault and bat-
tery with a weapon, and he appeals.   Affirmed.

HILL, HILL, WHITING & STERNE, for appellant.   The
court erred in not excluding the testimony as to char-.
acter since the opinion of the witness was formed from

[Carter v. The State..]

what he had heard since the shooting.—*Griffin v. The State,* 90 Ala. 589; *Bracken v. The State,* 111 Ala. 68; *White v. The State,* 111 Ala. 92; *Smith v. The State,* 118 Ala. 120; *Buchanan v. The State,* 120 Ala. 670; *McGuire v. The State,* 2 Ala. App. 132. The photograph was not admissible.—*Eborn v. Zimpleman,* 26 Am. Rep. 319; *L. & N. v. Hall,* 91 Ala.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors invisted upon, but without citation of authority.

DE GRAFFENRIED, J.—1. The general rule has ever been that, in a criminal case, evidence tending to show the bad character of the defendant must be confined to the time of and anterior to the alleged commission of the offense for which the defendant is being tried. In the present case, the solicitor asked a witness the following question: "Do you think you know the general character of the defendant in the neighborhood in which he lives?" The witness did not answer the question, either in the affirmative or in the negative, but in reply said: "From what I had heard, it was bad." There was no motion to exclude this answer of the witness at the time that it was made, upon the ground that it was not responsive to the question, or that the witness had not stated that he knew, or thought he knew, the defendant's character, before stating that from what he had heard it was bad; and the defendant then took the witness on cross-examination and developed the fact that the above answer of the witness was based upon certain evil reports which he had heard about the defendant, both *before* and *after* the commission of the alleged offense for which the defendant was being tried. While the defendant was cross-exam-

ining this witness, he asked him the following question: "And you state to the court and jury, in your opinion, he has a bad character?" And to this question the witness answered, "From what I heard." The defendant therefore, before making any motion to exclude the above answer of the witness to the above question propounded by the solicitor, voluntarily elicited from the witness identically the same evidence which the solicitor had already drawn from the witness. The defendant, after he had thus drawn this statement from the witness, moved the court to exclude the above answer of the witness to the above question propounded by the solicitor. The court refused to grant the motion, and the defendant excepted.

When the defendant voluntarily asked the witness the above question, he had thoroughly cross-examined him, and had been placed on notice, by the previous testimony of the witness, as to what the answer of the witness would be. If the court had granted the above motion of the defendant, the same testimony of the witness would still have remained before the jury; and we cannot see that the appellant has any just ground of complaint against the trial court for refusing to grant his motion, if it be conceded that the testimony, the subject of the motion to exclude, was illegal.

2. During the progress of the trial, certain photographs were introduced in evidence. Dr. Stough, who attended the prosecutor while suffering from his wounds, testifying with reference to the photographs, said "that they were photographs of Clarence Walls [the prosecutor], and that the wounds appeared upon the photographs as they were upon the body of Clarence Walls at the time he examined him." The photographs were introduced in evidence for the purpose of informing the jury as to the places on the prosecutor's

[Carter v. The State.]

body which had been perforated or struck by the shot fired from the defendant's gun; and we think that the above evidence of the attending physician shows, with sufficient clearness, the accuracy of the photographs for the purposes for which they were introduced.

3. The photographs which were introduced in evidence show certain marks on the prosecutor's body. It appears from the evidence that these marks shown by the photographs were the wounds which had been inflicted on Walls by the defendant. If a man has a scar on his body, and is asked how the scar was produced and knows how it *was* produced, we can see no reason why he may not tell it. If a man has a photograph taken of himself, and this photograph shows certain marks not usually found upon a man's body, and he knows what those marks are, we can see no reason why, if the photograph is admitted in evidence on the trial of a case, he cannot tell what produced those marks. If the marks were caused by bullets, and the witness knows it, then the cause of those marks is a fact resting peculiarly within the knowledge of the witness, and he may tell that fact. There is nothing in the exception of the defendant to the action of the trial court in permitting the witness Walls to testify that certain marks on certain of the photographs admitted in evidence indicated the places where the shot from the defendant's gun struck him.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.