# Phillips *v.* The State.

## *Arson.*

(Decided May 14, 1914.   Rehearing denied June 3, 1914.
65 South. 673.)

1. *Witnesses; Impeachmnet; Contradictory Statement.*—Where a witness unqualifiedly denied having had a conversation or having made statements in such conversation differing from his testimony as to a material matter, it was competent to show that he had such conversation and made such statements for the purpose of discrediting his testimony.

2. *Same; Predicate.*—Where the question was sufficiently definite and certain to direct his attention to the occasion upon which witness was alleged to have made contradictory statements, to enable him to recall and explain all that he may have said to the person present at that time and place, and so as not to mislead him as to the occasion, conversation, or person with whom it was alleged to have been had, a sufficient predicate was laid for his impeachment by showing such prior, contradictory or inconsistent statements.

3. *Same.*—Where it was sought to impeach a witness by proof of conversation with his wife, it was competent also to show what the wife said, so as to connect the statements made by the witness and render them intelligible.

4. *Same; Competency; Wife.*—Where a husband and co-defendant were jointly indicted but the co-defendant had demanded a severance and was being tried alone, a conversation between the husband and his wife was admissible to impeach the husband's testimony, so far as the rule as to the wife's incompetency as a witness against her husband was concerned, or the rule against compelling a person to furnish evidence against himself.

5. *Same.*—A conversation between a husband and wife introduced for the purpose of impeaching the husband was not rendered inadmissible because accidentally overheard, or heard by design without the knowledge or intention of the husband and wife; the fact that it was overheard while spying or eavesdropping might affect its credibility and weight, but could not affect its admissibility.

6. *Same; Interest or Bias.*—Where the indictment showing such fact was before the jury it was not improper to permit the counsel to ask witness on cross-examination if her husband was not also indicted for the same offense, as the question was competent as identifying the witness as the wife, thus showing interest or bias.

7. *Appeal and Error; Review; Reservation of Ground.*—Where no exception was reserved to any ruling of the court relative to the admission or rejection of evidence, its admission cannot be reviewed on appeal.

8. *Same; Harmless Error; Evidence.*—Where the facts testified to by witness showed conclusively that his presence was unknown to the husband or wife, it was not prejudicial error to permit him to answer a question as to whether they knew he was there although it called for a conclusion.

9. *Same; Showing Error; Burden.*—Where the bill of exceptions recites only that it contained substantially all of the evidence, and the complaint is of the admission of impeaching. evidence, and the question relied upon as a predicate for such impeaching evidence called for a conversation at the same time and place as a preceding question, showing that the witness was put upon notice of the time and place of the conversation, it is not made affirmatively to appear that the court erred in failing to require a proper predicate to be laid, and it will be presumed that the court did its duty; the bill of exceptions being construed most strongly against the party appealing.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Julian Phillips was convicted of arson and he appeals. Affirmed.

ERNEST HILL, and WEIL, STAKELY & VARDAMAN, for appellant. Declarations of a conspirator made after the accomplishment of the object for which the conspiracy was formed, are not admissible against a co-conspirator when made in his absence.—*Everage v. The State,* 21 South. (Ala.) 404; *Williams v. The State,* 1 South. (Ala.) 179; at p. 183; *Lowman v. The State,* 50 South. (Ala.) 43 at p. 44. Declarations made by a co-defendant, even though made prior to or contemporaneously with the commission of the crime, are not admissible against a defendant when made in defendant's absence, unless the evidence prima facie shows a conspiracy between the defendant and the co-defendant.—*McAnnally v. The State,* 74 Ala. 9; *Hunter v. The State,* 21 South. (Ala.) 65. The conspiracy must be shown by evidence independent of the declaration made by the co-defendant.—*Smith v. The State,* 62 South. (Ala.) 575; *Collins v. The State,* 34 South. (Ala.) 403. Evidence of contradictory statements made by a witness is not admissible

in evidence to impeach a witness unless a proper predicate is laid. The proper predicate for the admission of contradictory statements for the purpose of attacking the credibility of a witness must consist in fixing the time and place of such statements.—*Bell v. The State*, 124 Ala. at p. 96; *Haralson v. The State*, 82 Ala. 47; *Burton v. The State*, 115 Ala. at p. 11; *Floyd v. The State*, 82 Ala. 16 at p. 21; *Faulk v. The State*, 59 South. (Ala.) 225. A proper predicate for the admission of contradictory statements for the purpose of impeaching a witness cannot consist in asking a witness whether or not he made certain statements to his wife which are privileged communications. Oral communications between husband and wife made in their own home and not intended for the public are privileged and cannot be testified to by an eavesdropper who has stationed himself under their house, they not knowing of his presence.— *Owen v. The State*, 78 Ala. 425; *Caldwell v. The State*, 41 South. (Ala.) 473. Secondary evidence of an indictment or of its contents is not admissible in the absence of a proper predicate.—*Childs v. The State*, 55 Ala. 25. Under some circumstances, a conversation that calls for a conclusion of the witness is not competent. The question, "Did they know that you were there?" calls for the conclusion of the witness as to the state of another's mind.—*DeLaney v. The State*, 42 South. (Ala.) 815.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss errors argued, but without citation of authority.

PELHAM, J.—The defendant was jointly indicted for arson with two other parties, Tom Tye and Oscar Myers, but demanded a severance on the trial of his case and was tried alone, and convicted of arson in the second degree.

The evidence introduced by the state of a conversation had by Oscar Myers with his wife, was competent for the purpose of impeaching, or discrediting, the testimony of Myers; for which purpose it was manifestly introduced. Myers when on the stand as a witness in behalf of the defendant was asked on cross-examination by state's counsel about having made certain statements in this conversation of a contradictory nature to what he had sworn on the trial as to a material matter having a tendency to connect the defendant with the crime charged, and he had without qualification unequivocally denied having had such a conversation or made the statements inquired about. It was, under these circumstances, entirely competent for the purpose of impeaching the witness, or discrediting his testimony, to show by the witness Mixon that he had in the conversation inquired about previously made contradictory statements as to this material matter.—*Jones v. State,* 141 Ala. 55, 37 South. 390.

A proper predicate is shown to have been laid for the introduction of this proof. It had been shown without conflict in the evidence by the testimony of the wife of the witness Myers, as a defendant's witness, that she and her husband were at home on the particular Monday night laid in the predicate to Myers; and the question laying the predicate and the answer thereto by the witness conclusively show that the witness was fully apprised as to the time when, the place where, and the person present as referred to and made the subject of inquiry when laying the predicate, although no particular designation of the place where the alleged conversation took place is shown to have been included in the first question asked the witness. The fact that the place where the conversation was alleged to have occurred was well understood by the witness and that he was not mis-

led or off his guard as to this is made even more apparent by the form in which the second question was framed, in which the witness was asked if he did not "at the same time and place" make a certain statement. The defendant denied having made this latter statement he was asked about, and it was only in reference to this latter statement as to which he was interrogated on cross-examination in laying this predicate that the impeaching witness was called upon to testify. We think the record shows that the inquiry was sufficiently definite and certain to direct the attention of the witness Myers to the occasion upon which contradictory statements imputed to him were made so as to enable him to recall and explain, if he so desired, all that he may have said to the person present on that time and place, and that he had sufficient notice to give him full opportunity to admit or deny making the statement and not be misled as to the occasion, the particular conversation and person with whom it was alleged to have been had. This is the essential and material matter to be brought out in laying a predicate for the impeachment of a witness by showing prior contradictory or inconsistent statements, and when this is done the rule for laying a foundation for the introduction of the impeaching testimony is substantially complied with.—40 Cyc. 2731; *Nelson v. Iverson,* 24 Ala. 9, 60 Am. Dec. 442; *Burton v State,* 15 Ala. 1, 22 South. 585. The rule does not require perfect precision in laying a predicate for the purpose of introducing contradictory statements.

"When it is clear that the witness cannot be taken by surprise, and ample opportunity is afforded to make any explanation desired, the predicate is sufficient to authorize proof of contradictory statements."—*South. Ry. Co. v. Williams,* 113 Ala. 620, 623, 21 South. 328.

What was said in this conversation above discussed to Myers by his wife was admissible for the purpose of connecting the statements made by Myers and rendering them intelligible.—*Powell v. State,* '5 Ala. App. 75, 80, 59 South. 530. Myers was not on trial, and the rule as to a wife's incompetency as a witness against her husband on the grounds of public policy does not apply. Nor is there any room for the application of the rule affording protection against being forced to furnish evidence to be used against one's self. The defendant Phillips, having demanded and been granted a severance, in the trial of the case against him was alone on trial, and the proceeding against Myers becomes a collateral one in which his interests could not be judicially affected.— *Woods v. State,* 76 Ala. 35, 52 Am. Rep. 315.

The point is not well taken that, because the conversation between Myers and his wife was had in their own home and was overheard by design and without the knowledge of the conversants by the impeaching witness, it was for this reason within that class of confidential or privileged communications that cannot be given in evidence by the third party hearing it while eavesdropping. The rule of law, based on public policy, prohibiting the husband and wife from testifying for or against each other in certain cases, and that rule holding communications between them to be privileged, do not, considered singly or together, go so far as to forbid, when otherwise admissible, the introduction in evidence by a third party of a conversation between the husband and wife overheard by him either through accident or design, although it was not known or intended by the conversers that it could or would be heard. The fact that the conversation was overheard while spying or eavesdropping might affect the weight of the evidence, but it does not affect its admissibility.—17 L. R. A. (N. S.) 451,

note 33 L .R. A. (N. S.) 485, note; 6 Enc. Ev. 906; 40 Cyc. 2359; *Hoy v. Morris,* 13 Gray (Mass.) 519, 14 Am. Dec. 650; *State v. Hoyt,* 47 Conn. 518, 36 Am. Rep. 89; *State v. Allen,* 37 La. Ann. 685; *People v. Cotta,* 49 Cal. 166; *Com. v. Griffin,* 110 Mass. 181; *Knight v. State,* 114 Ga. 48, 39 S. E. 928, 88 Am. St. Rep. 17; *Com. v. Everson,* 123 Ky. 330, 96 S. W. 460, 124 Am. St. Rep. 365. See, also, *Cotton v. State,* 87 Ala. 75, 6 South. 396.

There was no error in permitting the state's counsel to ask the defendant's witness Mrs. Myers, on cross-examination, if her husband, Oscar Myers, was not also indicted for the same offense. The indictment showing the fact that Oscar Myers was so indicted was before the jury, and the question was competent to identify the witness as his wife and show interest or bias, and it is always permissible to ask questions on cross-examination having a tendency to elicit testimony showing the interest or bias of the witness.

No exception is shown by anything contained in the bill of exceptions to have been reserved to any ruling of the court in permitting the witness Mixon to be asked, and to answer, the question, "Did they know that you were there?" having reference to the occasion when the witness testified to having overheard the conversation between Myers and his wife. There is therefore nothing to consider upon a review of that matter (*German v. Brown & Leeper,* 145 Ala. 364, 39 South. 742); nor do we think it would constitute prejudicial error requiring a reversal of the case if proper exceptions were shown to have been reserved to the court's ruling in permitting the question. The facts that the witness testified to showed conclusively that his presence was unknown to the conversants, and that was the purport of his answer made to the question. There was no conflict in the evidence as to this, and, even if the question be deemed objectionable

as calling for a conclusion of the witness, it would not
be prejudicial.

We have discussed the questions argued by counsel
for the defendant in brief, and have carefully considered
the other questions presented by the record, and dis-
cover no reversible error. The case will therefore be
affirmed.

Affirmed.

### ON REHEARING.

The appellant is mistaken in the statement contained
in the application for a rehearing that:

"The bill of exceptions solemnly recites that all of the
evidence in said cause is contained in the bill of excep-
tions."

What the bill of exceptions does recite in this connec-
tion is that it contains "substantially all of the testi-
mony."

In holding that a proper predicate had been laid for
the introduction of the testimony of the impeaching wit-
ness as to the statements made by the witness Myers in
a conversation with his wife, we called attention to the
fact that the question asked the witness Myers, in ref-
erence to which it is contended that a proper predicate
was not laid, was not the first question asked the wit-
ness in reference to the conversation, and that the form
in which this question was asked shows that in the pre-
ceding questions propounded to the witness he had been
put on notice of the place of the conversation, for it
called for a conversation "at the same time and place."
Construing the recitals in the bill of exceptions most
strongly against the party excepting, as is the well-rec-
ognized rule (*Kabase v. J. & B. Co.*, 155 Ala. 254, 46
South. 581), it is certainly not made to appear affirma-

tively that the trial court was in error in failing to require a proper predicate to be laid, and the presumption is that the court did its duty in this particular (*Price v. State,* 117 Ala. 113, 23 South. 691; *Ex parte State,* 180 Ala. 4; 61 South. 53).

The application for a rehearing is denied.