PARTRIDGE v. STATE.   (7 Div. 865.)

(Court of Appeals of Alabama.   July 10, 1923.)

I. Witnesses ⬧⟹389—Evidence of declarations by witness differing from testimony admissible.

Where a witness denied having made statements differing from his testimony as to a material matter, it was competent for the purpose of discrediting his testimony to show that he had made such statements.

2. Criminal law ⬧⟹753(I)—Affirmative charge on conflicting evidence refused.

Where there was a conflict in the evidence, an affirmative charge was properly refused.

---

⬧⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⬅829(12)—Request that person cannot be convicted on suspicion covered by charge on reasonable doubt.**

A request that a person cannot be convicted on suspicion *held* covered by the court's oral charge that before the jury could convict defendant they must be convinced of his guilt beyond a reasonable doubt.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Major Partridge, alias Henry Partridge, was convicted of violating the prohibition law, and he appeals. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

Counsel argue for error in rulings on evidence, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the rulings on the examination of witnesses Rogers and Orr. Phillips v. State, 11 Ala. App. 168, 65 South. 673.

FOSTER, J. The first count of the indictment charged the defendant with distilling and the second count with having in his possession a still, etc.

There was a general verdict of guilt. The evidence in the case, if believed by the jury beyond a reasonable doubt, was sufficient to sustain the judgment of guilt.

[1] One Kelt Rogers, a witness for defendant, was asked on cross-examination if he did not go in the night before the raid to Mr. Orr, one of the raiding officers at Henegar, and say to Orr:

"I think Partridge and the boy living with him is operating a still. They were at the still at work when two men passed me in the sage to-night."

The witness had testified without objection that he did not tell Orr that Major Partridge was running that still.

The witness was also asked on cross-examination if he did not say to Orr at the same time and place:

"We have located the still. It is in operation to-night, and it is Major Partridge's and some one else's."

The witness denied making such statement. Defendant interposed timely objection to each of the questions and moved to exclude the answers. The court sustained objection to that part of the question that witness thought Partridge and the boy living with him were operating a still and limited the evidence to discrediting the witness. The witness Orr was examined in rebuttal by the state and over objection of defendant testified that the witness Kelt Rogers made to him the statements inquired about.

Proper predicate was laid for the purpose of impeaching the witness by contradictory statements. Where witness denied having made the statements, differing from his testimony, as to a material matter it was competent for the purpose of discrediting his testimony to show that he had made such statements. The court limited the evidence to the one purpose of discrediting the witness' testimony. Phillips v. State, 11 Ala. App. 168, 65 South. 673.

[2] The affirmative charge for defendant was properly refused, as there was a conflict in the evidence.

[3] The charge asked by defendant that a person cannot be convicted on suspicion was fairly and fully covered by the oral charge of the court in which the jury were instructed that before they could convict the defendant they must be convinced of his guilt by the evidence beyond a reasonable doubt.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.