## ROBERSON v. STATE.  (4 Div. 189.)

(Court of Appeals of Alabama.  Dec. 15, 1925.)

**1. Criminal law ⬥402(1)—Secondary evidence not admitted, where contents of writing rather than its existence is desired.**

Generally, where contents of writing rather than its existence is desired, secondary evidence will not be admitted without proof of loss or destruction of original.

**2. Criminal law ⬥400(1), 402(1) — Written conversation held best evidence, and secondary evidence not admissible until absence of writing accounted for.**

In prosecution for assault to rape a deaf mute, written conversation, which was so closely related to alleged crime as to be a part of res gestæ, and contents of writing rather than its existence being desired, writing was best evidence of its contents, and secondary evidence was not admissible until absence of writing had been satisfactorily accounted for.

**3. Witnesses ⬥274(2)—Testimony of character witness on cross-examination as to acts of defendant heard of since prosecution held improper.**

Testimony of character witness on cross-examination, that since defendant was prosecuted for assault to rape he had heard of other times where defendant had been too familiar with girls, held improper.

**4. Witnesses ⬥274(1)—Cross-examination of witness testifying as to defendant's character must be confined to time of and prior to commission of offense for which defendant is on trial.**

A witness who has testified on direct examination to defendant's good character may be asked on cross-examination whether he had not heard of certain enumerated acts of defendant which would tend to show his character was not good, and as tending to test witness' judgment on question of character, but such evidence must be confined to time of and prior to commission of offense for which defendant is on trial.

**5. Rape ⬥57(5)—General affirmative charge for defendant properly refused, where evidence in conflict.**

General affirmative charge for defendant in prosecution for assault to rape, *held* properly refused, where evidence was in conflict.

**6. Rape ⬥16(2)—Defendant guilty of assault with intent to rape whether he failed from impotency or other causes.**

Defendant would be guilty of assault with intent to commit rape if with intent he assaulted the girl, whether he failed from impotency or other causes.

**7. Criminal law ⬥811(1)—Charges giving undue emphasis to part of evidence are properly refused.**

Charges singling out and giving undue emphasis to part of evidence are properly refused.

**8. Criminal law ⬥813 — Abstract charge is properly refused.**

Abstract charge is properly refused.

**9. Criminal law ⬥829(1)—Requested charge properly refused, where principle of law fully covered by court's oral charge.**

Requested charge is properly refused, where principle of law therein is fully covered by court's oral charge.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Andrew Roberson was convicted of assault to rape, and he appeals.  Reversed and remanded.

Charge 5, refused to defendant, is as follows:

"The court charges the jury that, although they believe from the evidence that the conduct of the defendant was highly improper, nevertheless, if they believe from the evidence that the defendant was incapable of having the sexual relation on account of his physical condition, then they cannot convict the defendant of an assault with intent to commit rape."

C. O. Stokes, of Ozark, for appellant.

Secondary evidence as to the contents of written instruments cannot be given, without first accounting for the loss or absence of such instruments.  1 Wharton, Cr. Evi. §§ 162, 375; 10 R. C. L. 974; State v. De Wolf, 8 Conn. 93, 20 Am. Dec. 90.  There was error in the cross-examination of the witness Sol Mathews.  Griffith v. State, 90 Ala. 589, 8 So. 812; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301; Forman v. State, 190 Ala. 22, 67 So. 583; Morgan v. State, 88 Ala. 223, 6 So. 761.  Charge 5 was correct, and should have been given.  Nugent v. State, 18 Ala. 521; Reg. v. Waite, [1892] 2 Q. B. 600.

Harwell G. Davis, Atty. Gen., Thos. E. Knight, Jr., Asst. Atty. Gen., and Sollie & Sollie, of Ozark, for the State.

It is not necessary to account for writings, where the same or the contents thereof are not determinative of the main issue, but merely collateral.  Wall v. State, 2 Ala. App. 157, 56 So. 57; Hannegan v. State, 5 Ala. App. 142, 59 So. 376; Johnson v. State, 16 Ala. App. 453, 78 So. 716; Riley v. State, 209 Ala. 505, 96 So. 599; Foxworth v. Brown Bros., 120 Ala. 59, 24 So. 1; Winslow v. State, 76 Ala. 42; Peek v. State, 19 Ala. App. 370, 97 So. 374; Huskey, v. State, 129 Ala. 94, 29 So. 838; Griffin v. State, 129 Ala. 92, 29 So. 783; Webb v. State, 138 Ala. 53, 34 So. 1011; Williams v. State, 4 Ala. App. 92, 58 So. 925; Moore v. State, 159 Ala. 97, 48 So. 688; Riley

v. State, 209 Ala. 509, 96 So. 599; 10 R. C. L. 804; 14 Michie's Ala. Dig. 1148. It was not error to cross-examine the witness Mathews with reference to particular traits of the defendant. Balkum v. State, 115 Ala. 117, 22 So. 532, 67 Am. St. Rep. 19; Cauley v. State, 92 Ala. 71, 9 So. 456; Mitchell v. State, 14 Ala. App. 46, 70 So. 991. Impotency is no defense to a charge of assault with intent to rape. 22 R. C. L. 1192; Hunt v. State, 114 Ark. 239, 169 S. W. 773, L. R. A. 1915B, 131, Ann. Cas. 1916D, 533.

SAMFORD, J. [1, 2] The party alleged to have been assaulted was a deaf mute about 19 years old, but she could read and write. When she came to defendant's store there was a conversation between her and defendant carried on in writing, she writing one side of the conversation and defendant writing the other. This conversation contained suggestions or an invitation that the girl should go into the rear part of defendant's store to look for some salmon, which she sought to buy. The alleged crime was consummated, if at all, in the rear part of defendant's storehouse behind the counter, and in continuation of the conversation above alluded to. Objection was made that the conversation, being in writing, was inadmissible without first accounting for the absence of the writing. The conversation being entirely in writing was as if the parties had conducted a correspondence by letter, and the admission of the contents of the writing should be and is governed by the same rules as that of letters and telegrams, etc. That the conversation was preliminary to and a part of the alleged crime can hardly be questioned. It was not alone the fact of a conversation, but the contents of the writing which was desired in evidence.

In Peek's Case, 19 Ala. App. 370, 97 So. 374, in admitting oral proof of a search warrant, the court said: "The existence of the search warrant, rather than its contents, was the matter desired." The general rule, says Mr. Greenleaf in his work on Evidence, volume 1, par. 89, is: Where a written instrument is only a collateral incident to the matter in issue and its existence, rather than its contents, is the matter desired to be proved, the rule which in general requires the production of the writing, as the best evidence of its contents, is not applicable. Allen v. State, 79 Ala. 34; Griffin v. State, 129 Ala. 92, 29 So. 783. In the instant case the conversation, which was in writing, was so closely related to the alleged crime as to be a part of the res gestæ, and the contents of the writing, rather than its existence, was the matter desired. The general rule is that in such cases secondary evidence will not be admitted without proof of the loss or destruction of the original. 1 Wharton, Crim. Ev. par. 162; Bell v. State, 156 Ala. 76, 47 So. 242. The foregoing, as it relates to writ-

ten conversations by deaf mutes, is supported by the opinion in State v. De Wolf, 8 Conn. 93, 20 Am. Dec. 90, though the soundness of the rule when applied to written conversations by deaf mutes has been questioned by a note in Underhill Crim. Ev. (2d Ed.) par. 45, note 59. Upon the best authority we have been able to find, we hold that the written conversation between defendant and the girl alleged to have been assaulted was the best evidence of its contents, and secondary evidence was not admissible until the absence of the writing had been satisfactorily accounted for.

[3, 4] The defendant offered as a witness Sol Mathews, who testified to the good character of defendant. On cross-examination the witness was permitted to testify, over objection, exception, and motion to exclude, that since "this case has been on" he had heard of other times where the defendant had been too familiar with girls. A witness who has testified on direct examination to the good character of a defendant may be asked on cross-examination whether he had not heard of certain enumerated acts of defendant which would tend to show his character was not good and as tending to test the judgment of the witness on the question of character. Jones v. State, 76 Ala. 8. But such evidence must be confined to the time of, and prior to the commission of the offense for which the defendant is on trial. Carter v. State, 4 Ala. App. 72, 59 So. 222; Brown v. State, 46 Ala. 175.

[5] The defendant requested the court in writing to instruct the jury that if they believed the evidence they could not find the defendant guilty of an assault with intent to ravish. The evidence on this question was in conflict, and the request for the charge was properly refused.

[6] Charge 5 was properly refused. The evidence was not that the defendant was incapable of having sexual intercourse. There was some evidence that he was partially impotent, and at the time of the alleged crime this partial impotency was not overcome, but the charge is the assault with the intent, and if with the intent he assaulted the girl, whether he failed from impotency or other causes, he would be guilty. For the foregoing reasons charges 5, 18, 19, and 20 were properly refused.

[7] Refused charges 13 and 20 single out and give undue emphasis to a part of the evidence which is not permissible and renders the charge bad.

[8] Refused charge 14 is abstract.

[9] Refused charge 21 is elliptical; moreover if the word presumably intended should be supplied the principle of law is fully covered by the court in his oral charge.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.