391 So.2d 147 (1980)
Roger Dale HOWTON
v.
STATE.
6 Div. 22.
Court of Criminal Appeals of Alabama.
August 19, 1980.
After Return to Remand November 25, 1980.
*148 W. Allen Grocholski for Holder, Moore & Grocholski, and Bobby R. Newman for Nolen & Newman, Fayette, for appellant.
Charles A. Graddick, Atty. Gen., and Thomas R. Allison, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
The defendant was indicted separately for the offenses of assault with intent to murder and assault with intent to rape. After a trial by jury, he was found guilty of the latter offense and sentenced to twenty years' imprisonment. No motion to exclude, request for the affirmative charge or motion for a new trial was made calling into issue the sufficiency of evidence. However, a review of the record convinces us that the evidence is amply sufficient to support the jury's verdict of guilty of assault with intent to rape.

I
During the cross examination of the defendant, the following occurred:
"Q. All right, I'll ask you if in fact you did during the period of January '77 through January '78 if you did in fact expose yourself to other women?
* * * * * *
"A. Yes, sir, I have."
The defendant contends that such was error in that it improperly elicited incompetent character evidence when he had not placed such in issue. His defense was alibi. Over objection, the trial court allowed this testimony into evidence and in its oral charge instructed the jury that the above *149 testimony could not be considered in determining whether or not the defendant was at the home of the prosecutrix on the day in question but rather could be considered only in determining his intent. This action was proper.
Evidence of collateral acts or offenses similar to the offense with which the accused is charged is admissible to prove his intent on the occasion in question. In this case the evidence was offered to negative any other intent than the intent to ravish. 2 Wigmore, Evidence §§ 302, 303, 357, 360 (Chadbourn Rev. 1979); C. Gamble, McElroy's Alabama Evidence, § 69.01(5) (3rd ed. 1977).
"When the defendant assaulted the prosecuting witness on the night charged, what was his intention? Was it to rob, to rape, or to do her other physical harm? Without the aid of the testimony of his previous conduct with other white women no one could say and it would have to be left to guess or doubtful inference by the jury as to what that intention was. Whereas, with the proof of his conduct sexually, toward other white females before this assault charged, it is but a reasonable conclusion that his acts at that time were with the intent or `desire to satisfy lust.'"

Wilkins v. State, 29 Ala. 349, 197 So. 75, cert. denied, 240 Ala. 52, 197 So. 181 (1940), involved a black defendant charged with assault of a white woman with intent to rape. The court held that it was proper to admit evidence that the defendant on prior occasions had exposed his private parts to young white girls. See also, Lee v. State, 246 Ala. 69, 18 So.2d 706 (1944); McKenzie v. State, 33 Ala.App. 7, 33 So.2d 484 (1946), cert. denied, 250 Ala. 178, 33 So.2d 488 (1947); and cases cited therein. See generally, Gassenheimer v. State, 52 Ala. 313 (1875); Ingram v. State, 39 Ala. 247 (1864); Bobo v. State, 56 Ala.App. 662, 324 So.2d 336 (1975); Hogue v. State, 54 Ala.App. 682, 312 So.2d 86 (1975); and cases cited therein.
In the instant case, we find no error in the trial court's ruling allowing the State to ask the above quoted question. It was relevant in determining the defendant's intent, especially in light of the fact that the defendant was also being tried on a separate indictment for assault with intent to murder arising out of the same incident.

II
During its rebuttal testimony, the State called Mr. Charles Tate, an investigator for the district attorney's office to rebut and impeach the testimony of the defendant's wife concerning the contents of a letter she allegedly sent to the defendant while he was incarcerated pending his trial. We quote the pertinent portions of his testimony:
"Q. Mr. Tate, do you know whether or not it is a practice in Fayette County jail to read ingoing and outcoming mail of prisoners?
"A. Yes, sir, it is.
"Q. Do you know whether or not during the time Roger Dale Howton has been in jail any mail has been opened and read from his wife to him?
"A. Yes, sir there was.
* * * * * *
"MR. JOHNSTON (Assistant District Attorney): Did you read such a letter, sir?
"A. Yes, sir, I did.
"Q. Would you tell the jury what it said in the letter with respect to her testifying in his behalf?
"MR. GROCHOLSKI (Defense Counsel): We object to that, Your Honor, on the basis that the letter is the best evidence and also privileged communication.
"THE COURT: Overruled.
"MR. GROCHOLSKI: We except.
"Q. What did it say?
"A. In essence the letter was from the wife telling Roger to go ahead and admit to his guilt and that she could not testify whether he was home or not during the time in question. She also stated that you remember that I was under heavy sedation and that I couldn't really say *150 whether he was there the whole time or not. He did have different clothes on when she woke up ___."
The defendant asserts that the above testimony violated both the best evidence rule and the rule governing privileged communications. The confidential communications privilege between spouses does not operate to exclude the testimony of a third party who overheard the private conversation, even if the conversation was overheard while spying or eavesdropping. Phillips v. State, 11 Ala.App. 168, 173, 65 So. 673 (1914).
The use of the letter or its contents against the defendant was not a violation of his constitutional rights as an unreasonable search and seizure. Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919); Annot. 47 A.L.R.3d 1192 (1973). Furthermore, illegally seized evidence may be used to impeach the testimony of a witness. United States v. Havens, ___ U.S. ____, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); Pugh v. State, 355 So.2d 386, 391 (Ala.Cr. App.), cert. denied, 355 So.2d 392 (Ala.1977).
The best evidence rule requires a party who wishes to prove the terms or contents of a writing to introduce the original into evidence if available. Bell v. State, Ala.Cr.App., 364 So.2d 420, cert. denied, Ala., 364 So.2d 424 (1978); C. Gamble, McElroy's Alabama Evidence, § 212.01 (3rd ed. 1977). Furthermore, as prerequisites to the introduction of secondary evidence it must be shown to the reasonable satisfaction of the trial judge that: (1) the original is lost, has been destroyed, or is otherwise unavailable and, (2) that every reasonable effort to procure the original has been made. Bell v. State, 156 Ala. 76, 47 So. 242 (1908); Sims v. State, 155 Ala. 96, 46 So. 493 (1908); Reiling v. State, Ala.Cr.App., 339 So.2d 115 (1976); Roberson v. State, 21 Ala.App. 197, 106 So. 696 (1925), and cases cited therein; McElroy, §§ 214.01, 215.01. See also, Abingdon Mills v. State, 167 Ala. 146, 52 So. 596 (1910); Biggs v. State, Ala. Cr.App., 346 So.2d 467 (1976), cert. denied, Ala., 346 So.2d 470 (1977). Only after satisfying the above conditions may a party offer a copy of the original or oral testimony concerning its contents. The purposes of the rule are to prevent fraud and to insure the reliability of the oral testimony concerning the writing. McElroy, § 212.02.
An exception to the general rule exists so that, if the original is in the possession of the accused, the State may offer secondary evidence of its contents without attempting to procure it from or giving notice to produce it to the accused. McElroy, § 216.04(1). Under this exception, the State must show or offer sufficient reason, to the reasonable satisfaction of the trial judge, to support a finding that the original is in the possession of the accused. Dean v. State, 240 Ala. 8, 197 So. 53 (1940). See also, Medley v. State, 25 Ala.App. 35, 140 So. 184 (1932).
In the instant case, the State made no showing to the trial court that the letter was in the possession of the defendant before offering Mr. Tate's testimony. It appears that no attempt was made to do such, or to show that it was otherwise unavailable. The record gives no clue as to the whereabouts of the letter at the time of the trial. While we do not suggest that the State perform futile acts to satisfy the condition of this exception, it must make some reasonable effort to comply with such. Otherwise, the State has failed to lay the proper predicate for the introduction of the secondary evidence under the exception to the general rule. Nailer v. State, 18 Ala. App. 127, 90 So. 131 (1921). While we may assume that the letter was delivered to the defendant and retained by him, this assumption is based on mere conjecture. Speculation will not serve the function of fact in establishing the proper predicate for the admission of evidence.
Absent such a showing, the error in admitting the above quoted testimony cannot be considered harmless. After the admission of the letter, the jury could have reasonably inferred that the defendant changed his clothes and left his home while his wife was asleep. This can only point the finger of guilt at the defendant and its *151 admission, although unnecessary, was highly prejudicial. Consequently, no application of the harmless error rule can be made.
We remand this cause to the trial court with directions to hold a hearing, with the defendant and his counsel present, in order to determine whether the State can establish the proper predicate for introduction of the above quoted testimony into evidence.
REMANDED WITH DIRECTIONS.
All Judges concur.

AFTER RETURN TO REMAND
BOWEN, Judge.
In answer to our opinion of August 19, 1980, the Circuit Court responded:
"On September 22nd, pursuant to the instructions of the Appeals Court, this Court conducted a hearing as to this matter. The Defendant and his counsel were present and were afforded the opportunity to cross-examine witnesses, offer testimony and present arguments to this Court.
"After having heard the evidence presented at the hearing held on the 22nd day of September, 1980, this Court finds that the State, at this hearing, established the proper predicate for the introduction of the testimony of Charles Tate as to the contents of the letter that was written by the Defendant's wife to the Defendant while he was incarcerated in the Fayette County Jail. The State, by the evidence, showed that the letter was delivered to the Defendant and was retained by him and therefore was unavailable for production at the trial of this cause."
Apparently there was no record made or requested of the testimony taken at this hearing. Consequently, there is nothing in the record to contradict the findings of the trial judge. The judgment of the Circuit Court is affirmed.
Affirmed.
All Judges concur.