TYSON, Judge.
William Mark Edwards, alias, was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of murder as charged in the indictment.” He was sentenced to life imprisonment in the State penitentiary following a sentencing hearing. Another hearing was held and the appellant was ordered to pay $2,500.00 for victim compensation pursuant to § 15-23-17, Code of Alabama 1975.
The evidence presented by the State showed that on June 22, 1985 the body of William Giles was found in an automobile which had left the road and collided with some trees near an industrial park in Gadsden, Alabama. Giles had been shot in the head. A note was found on the body threatening to kill someone else unless the City of Gadsden gave the murderer “two million dollars”.
The appellant gave several conflicting statements to the police when he was questioned concerning the murder. Eventually he confessed to this shooting.
The appellant and Giles were good friends until Giles found out that the appellant and Giles’ wife, Cathy, were having an affair. After the affair had ended and Cathy told the appellant that she did not want to have anything to do with him, the appellant decided to kill Giles.
The appellant went looking for Giles after he got off of work on June 21, 1985. He typed the note and took his mother’s .32 caliber pistol before leaving his house. The appellant waited for Giles to leave work. He called Cathy a number of times and followed her in his car when she drove to the store.
When Giles left work, the appellant met him and told him that he wanted to talk to him. The two drove in their vehicles to a spot near the area where Giles’ body was found. In his statement the appellant stated that the two exchanged words concerning his affair with Giles’ wife and then he shot Giles one time in the head.
The appellant contended at trial that Giles had set up the meeting and when he (the appellant) arrived, there was a stranger there arguing with Giles. The appellant contended that the stranger demanded his wallet, forced him to drive away and then turned around and shot Giles. The gunman then forced the appellant to write the note and take Giles’ billfold. The appellant stated that he made the erroneous statements to the police because the stranger threatened to kill him if he told the truth.
I
The appellant lists the sufficiency of the evidence as an issue in his brief on appeal, but fails to argue it or present any authority for his position. This court is not obligated to consider questions or issues not presented in briefs on appeal. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App.1984). *1299 Nevertheless, a prima facie case was presented.
II
The appellant contends that the trial court erred in admitting a photocopy instead of the original of the appellant’s written statement dated June 25, 1985. He argues that this statement, in which the appellant confessed to committing this murder, was admitted without the proper foundation required by Alabama’s Best Evidence Rule. See Gamble, McElroy’s Alabama Evidence § 225.01(4) (3rd ed. 1977). We disagree.
“The best evidence rule requires a party who wishes to prove the terms or contents of a writing to introduce the original into evidence if available. Bell v. State, Ala.Cr.App., 364 So.2d 420, cert, denied, Ala., 364 So.2d 424 (1978); C. Gamble, McElroy’s Alabama Evidence, § 212.01 (3rd ed. 1977). Furthermore, as prerequisites to the introduction of secondary evidence it must be shown to the reasonable satisfaction of the trial judge that; (1) the original is lost, has been destroyed, or is otherwise unavailable and, (2) that every reasonable effort to procure the original has been made. Bell v. State, 156 Ala. 76, 47 So. 242 (1908); Sims v. State, 155 Ala. 96, 46 So. 493 (1908); Reiling v. State, Ala.Cr.App., 339 So.2d 115 (1976); Roberson v. State, 21 Ala.App. 197, 106 So. 696 (1925), and cases cited therein; McElroy, §§ 214.01, 215.01. See also, Abingdon Mills v. State, 167 Ala. 146, 52 So. 596 (1910); Biggs v. State, Ala.Cr.App., 346 So.2d 467 (1976), cert, denied, Ala., 346 So.2d 470 (1977). Only after satisfying the above conditions may a party offer a copy of the original or oral testimony concerning its contents. The purposes of the rule are to prevent fraud and to insure the reliability of the oral testimony concerning the writing. McElroy, § 212.02.”
Howton v. State, 391 So.2d 147 (Ala.Crim.App.1980).
It is clear from the record that the State complied with the rule. The trial judge allowed the prosecutor to search for the original. (R. 85) The record reflects that a thorough and diligent search was conducted. (R. 85-88) The statement was introduced through the testimony of the officer who took the statement and was present when it was transcribed and read and signed by the appellant. The officer (Cox) testified that the copy was a true and correct copy which he had made himself from the original. (R. 89) See Reiling v. State, 339 So.2d 115 (Ala.Crim.App.1976).
Furthermore, it is notable that there was no genuine issue raised by the appellant as to the authenticity of the copy or the fairness of its admission. U.S. v. Garmany, 762 F.2d 929 (11th Cir.1985). Appellant’s contention is, therefore, without merit.
Ill
The appellant contends that the trial court committed reversible error in its pronouncement of judgment and sentence pursuant to Rules 2 and 8, A.Temp.R.Crim.P. He argues, inter alia, that there was never a “joint pronouncement” in open court as required by Rule 2, A.Temp.R.Crim.P. We find no objection to the trial judge’s actions in this record, therefore, we are not obligated to consider this issue on appeal. Ex Parte Washington, 448 So.2d 404, on remand, 448 So.2d 409 (Ala.1984).
Even had this issue been properly preserved for our review, we would find the appellant’s contentions to be without merit. Rules 2 and 8 of the Temporary Rules of Criminal Procedure clearly do not require simultaneous in-court pronouncements of judgment and sentence as the appellant suggests. This is evidenced by the last sentence of Rule 2(b) (1), A.Temp. R.Crim.P., which states, “Pronouncement of judgment may be delayed if necessary until such time as sentence can be pronounced.”
The appellant was present during his trial, conviction and sentencing. Cf. Davis v. State, 416 So.2d 444 (Ala.Crim.App.), cert. denied, 416 So.2d 449 (Ala.1982), cert. denied, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515 (1983). Furthermore, the judg *1300 ment entry in this case indicates that the proper procedures were followed. See Lewis v. State, 410 So.2d 474 (Ala.Crim.App.1982); Tidmore v. State, 436 So.2d 21 (Ala.Crim.App.1983).
The appellant contends that the court’s imposition of a fine in the amount of $2,500.00 against the appellant three weeks following entry of judgment was improper. Due to the fact that the appellant did not object to the court’s actions, Ex Parte Washington, supra, and has presented no authority to support his contention on appeal, Vinzant, supra, our consideration of this issue is not required.
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.