# Jernigan v. The State.

### Indictment for Selling Mortgaged Property.

1. *Evidence, secondary; lost documents.*—In laying a predicate for the introduction of secondary evidence of a lost paper or writing, no universal rule can be laid down, and much must be left to the discretion of the presiding judge, who must be reasonably convinced that the document is lost, destroyed, or beyond the jurisdiction of the court; and when no probable motive appears for withholding the document, less evidence is required than under suspicious circumstances.

2. *Same; diligent search by three, proof by one:*—Where it appears that diligent search was made for the missing papers, by the witness and his two attorneys, in whose possession he had left them, and who have since removed to distant counties, his testimony is sufficient proof of their loss to let in secondary evidence of their contents, without the additional testimony of the attorneys.

3. *Same; unsworn admission.*—An unsworn admission of a material fact by the prosecuting witness, not shown to have been made before commencement of prosecution, is properly excluded, when offered in disproof of any fact the State was required to prove, and was attempting to prove, against the defendant. On laying the proper predicate, such admission might possibly be used to discredit the witness.

[Jernigan v. The State.]

4. *Sale of property under equitable lien.*—Sale of property covered by an equitable lien, or mortgage, falls within the purview of the statute (Code, 4354).

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CHILTON.

The appellant, Africa Jernigan, was indicted for selling or conveying forty bundles of oats, upon which he had given a written mortgage or lien.

Nix, State's witness, testified defendant had given him a note and mortgage—that said note and mortgage had been left by him with his two attorneys for use in a civil suit against defendant; witness afterwards called at the office of his two attorneys to get said note and mortgage, but after diligent search made for them in his presence by said attorneys they could not be found; witness had made a thorough search among his own papers, and in all other places at home, where it was likely the said note and mortgage could have been found, but did not find them; that said note and mortgage were not in his possession and that he had no idea where they were; one of said attorneys now resided in Birmingham and one in Anniston, in this State. The witness was then, against the defendant's objection, allowed to testify to the contents of said note and mortgage. The advance lien note and mortgage were given in December, 1883, and covered the crop of every description made, or caused to bemade, by the defendant during the year 1884; witness testified that at the execution of said note and mortgage he rented a piece of land to defendant for the year 1884; that the contract of renting was not in writing; and in January, following, he furnished defendant with seed oats, which defendant afterwards planted. Witness further testified, that he told the defendant that he might feed his mules and stock from said oats, but that he never, at any time, gave his consent to the sale of any of said oats by defendant. A witness, Cade, testified that he had bought forty bundles of said oats from defendant, for which he had paid him one dollar, which was the value of said oats sold him.

Defendant introduced a witness, Dr. Thomason, and asked him " whether or not, on a certain designated occasion, witness Nix, being then and there present, defendant did not say, in the hearing of said Nix, that said Nix had given defendant permission to sell a portion of said oats, and that said Nix did not deny this statement so made by defendant." The State objected to the question and the court sustained the objection. The defendant requested the court, in writing, to charge the jury, 'that if they be-

[Jernigan v. The State.]

lieved the evidence, they must find the defendant not guilty,' which charge the court refused to give.

NORMAN & SON, for appellant. 1.—Sufficient predicate was not laid for introduction of secondary evidence. 2. The court should have given charge requested by defendant, because, 1, note and mortgage were not put in evidence ; 2, because note and mortgage did not give the lien contemplated in section 4354 of Code.—2 Brick. Dig. 461 ; Bishop on Stat. Crimes, § 220 ; *Blakeney v. Blakeney*, 6 Porter, 109 ; *Meyer v. Taylor*, 69 Ala. 403 ; *Collier v. Faulk, Ib.* 58 ; *Wilkinson v. Keller, Ib.* 435 ; *Williams v. Berry*, 3 S. & P. 284 ; 4 Johnson's Chancery Rep. 183, and 276. When mortgagor gave defendant permission to feed his stock from the oats, he ceased to be the mortgagor, the relation of landlord and tenant arose, and this relation was not created by any written instrument. The witness, Thomason, should have been allowed to answer the question propounded to him.

T. N. McCLELLAN, Attorney-General, *contra.*

STONE, C. J.—In accounting for the absence of a writing, material testimony in the cause, so as to let in secondary evidence of its contents, no universal rule can be declared which will be applicable to every case. The testimony is addressed to the presiding judge, and he pronounces on its sufficiency. He must be reasonably convinced that it has been destroyed, is lost, or is beyond the reach of the court's process. A material inquiry in such cases is, whether or not there was a probable motive for withholding this highest and best evidence. Whenever the court is able to answer this inquiry in the negative, less evidence will satisfy its conscience, than if suspicious circumstances attended the transaction. As a rule there must be careful search at the place at which it was last known to be, if its place of custody can be traced or remembered. If not, then such search must be made at any and every place where it would likely be found.

It is not denied that in this case diligent search was made for the missing papers, at the place at which the testimony tends to show they were last seen. The search was made by three acting together, and on two separate occasions. The papers were not found. The objection to the preliminary proof of loss is, that only one of the three who made the search, is produced as a witness. The other two are shown to have been in the State, but in counties distant from the scene of the trial. The search appears to have

[Dixon v. The State.]

been carefully made, and there is an absence of proof of fact or circumstance, tending to show a motive for withholding these papers.    We think the proof of loss was sufficient to let in the secondary evidence.—*Beard v. Ryan*, 78 Ala. 37; 1 Greenl. Ev. § 558 and notes; *Foster v. Mackey*, 7 Metc. 531; 1 Brick. Dig. 848, §§ 632 to 634; *Donigan v. Wade*, 70 Ala. 501.

If the testimony of Dr. Thomason, as offered, was shown to have related to an interview had before the present prosecution was commenced, the question would be different from its present presentation.    We need not and do not declare what would be our ruling on such question.    The record, however, is silent as to the time it occurred.    We can draw no inferences against the court's ruling, but must so interpret the record's silence, as to affirm rather than reverse the judgment of the circuit court.    Under this rule, there can be no question that the evidence was properly excluded.    This was not a suit between Nix and the defendant.    The State was complaining that the criminal law had been violated.    The unsworn admission of the prosecuting witness, even if expressly made, can not be received as evidence in disproof of any fact the State was required to prove, and was attempting to prove against the defendant.    On laying the proper predicate, such contradictory statement or admission might possibly be used to discredit the witness, but it was lawful for no other purpose.

The remaining questions raised by this record are ruled against the defendant in *Varnum v. The State*, 78 Ala. 28.

Affirmed.