# DuBose v. State.

*Indictment for Aiding an Escape.*

1. *Aiding an escape; secondary evidence of warrant.*—On a trial for assisting prisoners to escape from jail, the justice of the peace who issued the warrant upon which the prisoners were arrested, can not testify that he issued such warrants unless a predicate for such secondary evidence is first laid; the warrant itself or a certified copy of it should first be introduced in evidence, or the failure to do so should be fully accounted for, before secondary evidence of its issuance is admissible.

[DuBose v. The State.]

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The appellant was tried and convicted under an affidavit which charged that he "did cut and break into the jail at Blocton in which said jail one Will DuBose and Westley Seymour were lawfully confined by the sheriff of Bibb county, charged with misdemeanors and did thereby aid said Will DuBose and Westley Seymour to escape from such custody against the peace and dignity of the State of Alabama."

On the trial of the case, there was evidence introduced to show that Will DuBose and Westley Seymour were confined in the jail at Blocton, and that the defendant and one Glasscock broke open the jail and allowed them to escape.

The State introduced as a witness N. L. Wilson, who testified that he was the justice of the peace before whom the defendant had his trial for breaking the jail in Blocton; that he had issued warrants for Westley Seymour and Will DuBose, charging them with misdemeanors, and that he placed the warrants in the hands of the deputy sheriff of Bibb county who arrested Seymour and DuBose and placed them in jail at Blocton. The defendant objected to the witness testifying that he had issued warrants for Westley Seymour and Will DuBose, because the warrants were the best evidence. The court overruled the objection, and the defendant duly excepted.

It is unnecessary to set out in detail the facts pertaining to the other rulings of the court to which exceptions were reserved.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The fact that the person liberated was *lawfully* confined was an essential ingredient of the offense charged against the defendant. The best evidence of this fact was the warrant of arrest under which the arrest was made and the defendant therein was held at the time of the escape. This warrant or a certified copy of it should have been put in evidence, or the failure to do so should have been fully accounted for before

admitting secondary evidence of the issuance of the warrant. The court against defendant's objection allowed the justice of the peace to testify that he issued the warrant, etc., etc., without any predicate for this secondary evidence being laid. This was clearly error.

There is no merit in the other exceptions reserved.

Reversed and remanded.