Brief for appellant.

---

### HERMAN SNYDER *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Sale of intoxicants.* *Liquor dealers' United States Revenue license.* *Evidence.* *Writing.* *Notice to produce.* *Parol.*

   Parol evidence is not competent, in a prosecution for the unlawful sale of intoxicants, without notice to defendant to produce the same, to show that the defendant had a revenue license from the United States government as a dealer in intoxicating liquors; and it is not competent to show such license at all unless it covered the time of the sale for which defendant is being prosecuted.

2. SAME. *Having or keeping intoxicants.*

   It is incompetent, in such a prosecution, to show that the defendant kept intoxicating liquors at times other than the date of sale for which he is being prosecuted.

3. SAME. *Instruction.* *Impeached witness.*

   An instruction which directs the jury to give full faith and credit to the testimony of an impeached witness and to convict on it without corroboration, omitting as a prerequisite that they should believe it, is erroneous.

FROM the circuit court of Marshall county.

HON. Z. M. STEPHENS, Judge.

Snyder, the appellant, was indicted, and convicted in the court below, for selling intoxicants. He appealed to the supreme court. The opinion states the facts.

*R. T. Fant,* for appellant.

It was clearly error for the court to permit the witness, Wilkerson, to testify as to the character of the place of the defendant and that defendant kept lager beer in his house; that there was a counter in the house, etc. In no view of the case was this testimony competent. The state cannot put the defendant's character in evidence when he is being tried for a crime. Yet that was what was indirectly done in this cause. The dis-

trict attorney had as much right to prove directly by this witness what the character of the defendant was for violating the law by selling whisky as he had to ask the questions which he did ask, for the effect is exactly the same. It certainly could throw no light on the issue being tried to show that at some time defendant had some lager beer, or that at some time the witness had tasted whisky in the defendant's house. These might possibly be circumstances going to show guilt, if they related to the time that the defendant is alleged to have sold whisky to the witness, Knighton, but this is not the case. The defendant occupied the house for a long time, and the court will observe that the witness, Wilkerson, does not say that the defendant had any whisky or beer on any counter in his house at or about the time of the alleged sale, but does say that he cannot fix the date of any of the things about which he testifies. He even says that the defendant might have moved out of the house in the early part of June, 1899, when the witness, Knighton, testifies that sale was made on August 18, 1899.

Charge No. 1 for the state is erroneous. In the first place, it is a charge upon the weight of evidence, and therefore erroneous. In the next place, it fails to state the law as it is. The law is, that before the jury are authorized to convict the defendant, they must believe from the evidence that he is guilty beyond all reasonable doubt arising out of the evidence in the case. The instructions under consideration tell the jury that if they give "full faith and credit" to the testimony of the witness, Knighton, then they should convict the defendant. "Full faith and credit" means no more than mere belief. *Jeffries* v. *State*, 77 Miss., 757; *Brown* v. *State*, 72 Miss., 95; *Burt* v. *State*, 72 Miss., 408; *Webb* v. *State*, 73 Miss., 456; *Lipscomb*, v. *State*, 75 Miss., 560.

*Monroe McClurg*, attorney-general, for appellee.

Counsel draws his lines too closely. The character of the defendant was not put in question, either directly or indirectly.

Even "whisky cases" may be proven by circumstantial evidence.    It was the immediate surroundings and attendant circumstances that were being proven, and it was perfectly competent testimony.    The criticism of instruction No. 1, for the state, is not well grounded.    True, the charge is a little awkwardly written, but its tone and legal effect are unobjectionable.    It informed the jury that nothwithstanding the fact that the witness had been thoroughly impeached, still the jury might have full faith in his testimony.    "Established by the evidence" is equivalent to proving beyond a reasonable doubt.

CALHOON, J., delivered the opinion of the court.

The only witness to the actual sale testified that he bought from defendant a drink of whisky and paid him for it, and he fixed the date of the sale at August 18.    This date he fixed absolutely from a memorandum he had made of the transaction in a note book.    This witness was directly impeached by several others, who testified that they knew his character for truth and veracity, and that it was bad.    This attack being foreseen by the state, it sought to bolster up the testimony by evidence, objected to, that defendant had a place where he kept liquors, and by evidence merely oral that he had a revenue license from the United States to sell liquors.    But there was no proof that he had the license or kept the liquor on the eighteenth of August, the date of the sale.    It is not competent, without notice to produce, to show a revenue license by parol, and not competent to show it at all unless it is shown that it covered the date of sale.    No more is it competent to show that defendant kept liquors, if it can be shown at all, which we do not now decide, without clearly showing that he kept them at the time of the sale.

In the light of the foregoing the first charge to the jury for the state was manifestly erroneous.    The first clause of that charge is also erroneous, because it practically instructs the jury to give "full faith and credit" to the testimony of the

impeached witness and to convict on it "without corroboration." It does not even require as a prerequisite that they should believe the testimony.

*Reversed and remanded.*