# Sweatt *v.* The State

## Selling Liquor Without License.

(Decided Jan. 23, 1908.   45 South. 588.)

1. *Intoxicating Liquors; Unlawful Sale; Evidence of Collateral Matters.*—Where it was shown that the buyer did not remember when the alleged sale was made, or when the affidavit against the defendant was sworn out, but knew that it was before defendant was tried in the mayor's court, it was proper for the state to show for what the defendant was tried in the mayor's court, in order to elicit data whereby the time of the alleged sale might be made definite.

2. *Same; Evidence; Other Sales.*—It is competent to make proof of sales other than the one for which the defendant is then charged, not for the purpose for convicting ror such other sales, but as shedding light on the bona fides of the transaction, and as tending to show that defendant was a seller and not a mere agent.

3. *Trial; Statement of Court; Admission of Evidence.*—The court's statement that certain evidence was permitted to go to the jury only for the purpose of showing when defendant was tried in the lower court and that the offense for which he was then tried was identical with the one at bar, made in response to an objection to the argument of the solicitor, was not a declaration by the court that the offense charged in the mayor's court was identical with the one at bar, and was not erroneous.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Wade Sweatt was convicted of retailing spirituous, vinous or malt liquors without license and contrary to law, and he appeals. Affirmed.

LEITH & GUNN, for appellant. The court erred in overruling defendant's objection to the testimony of the witness Lowery.—*Jernigan v. The State,* 91 Ala. 58. The court erred in allowing proof of other sales.—*Cost v. The State,* 96 Ala. 60; 39 Ala. 249. The court erred in allowing the judgment entry on the mayor's docket to be introduced.—91 Ala. 58. The burden is on the state to prove that the offense was committed in the county, that it was within twelve months before the commencement of the prosecution and that the defendant committed the offense.—*Henson's case,* 112 Ala. 41; 73 Ala. 366; 28 Ala. 65; Id. 693.

ALEXANDER M. GARBER, Attorney General, for the State.

DENSON, J.—The affidavit on which the defendant was tried for selling vinous, spirituous, or malt liquors without a license and contrary to law was made on the 16th day of January, 1906. Lee Ireland, the person to whom the state contends the whisky was sold, after testifying to circumstances tending to show a sale of whisky by the defendant to witness in Walker county, said he did not remember when the sale was made, or whether it was 12 months before the affidavit was made against defendant or not; that he did not know when the affidavit was made. "It was before he [defendant] was tried in the mayor's court, in which I was a witness against him." The solicitor then asked the witness: "What was he tried in the mayor's court for?" The exceptions taken to the action of the court in overruling the objections to this question cannot avail defendant anything here. The only purpose of the inquiry was to elicit data by which the time of the sale might be made definite. The matter sought was collateral and the

[Sweatt v. The State.]

case of *Jernigan v. State*, 81 Ala. 58, 1 South. 72, cited by appellant's counsel, is not in point.—*East v. Pace,* 57 Ala. 521. The same observations are applicable to exceptions reserved to rulings of the court on the admissibility of Lowry's and Shores' evidence. Furthermore, it does not appear that the charge made in the mayor's court was in writing.

Whether or not the time testified to by witness Shores was the same as that which had been testified to by Ireland and Lowry was, on the evidence as presented here, a question to be determined by the jury; but, if it was another time, it was competent evidence, not for the purpose of convicting the defendant of that sale, but as tending to show that the transaction between Ireland and Sweat was a sale, and that Sweat was a seller, and not a mere agent; in other words, as shedding light on the bona fides of Sweat.—*McIntosh's Case,* 140 Ala. 137, 37 South. 223. Limited as it was by the court, the admission of the evidence of the mayor and his docket, in respect to the objection and motion going to the whole of the docket entry, was without error. The court did not say, as is supposed by counsel, that the offense for which the defendant was tried in the mayor's court was identical with the one at bar. What the court said was: "The court stated that it would allow it [the docket] to go to the jury only for the purpose of showing the date that Wade Sweat was tried in the mayor's court, and that the offense for which the defendant was tried in the mayor's court was identical with the one at bar." This simply means what it purports to mean—that the evidence was admitted for that purpose. There was no error in this.

The argument of the solicitor, objected to, was unwarranted, and the court should have excluded it from the jury; but it appears that the court, in awswer to the

[Davis v. The State.]

motion to exclude, overruled it, though the bill of exceptions recites that the court stated to the solicitor "that he could not argue the proceedings had in the mayor's court as going to show the guilt of the defendant, that the judgment in the mayor's court was only admitted for the purpose of showing the time when the alleged sale of the whisky was had, and that the offense for which he was tried in the mayor's court was the same offense for which he was then being tried, and the court so instructed the jury." It would seem that, with a jury composed of intelligent men (and we must presume the jury was composed of such men), the harm, if any there was, in the solicitor's argument, was eliminated by the action taken by the court. In other words, it amounted to the same thing as if the court had formally excluded the remarks of the solicitor from the jury.

The question of the guilt of the defendant was one properly for the consideration of the jury, and the court did not err in refusing the charge requested by the defendant.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.