# Sims *v.* The State.

## *Forgery.*

(Decided April 21, 1908. 46 South. 493.)

1. *Forgery; Subject; Tax Receipt.*—A receipt for the payment of taxes is a subject of forgery under section 4720, Code 1896.

2. *Same; Indictment.*—An indictment charging that defendant, with intent to injure and defraud did alter a receipt for the payment of money substantially as follows, etc. (reciting a receipt for the payment of taxes) by inserting therein after the words "Assessor's demand notice, 50c," the words, "Poll tax $1.50," and inserting after the word "Total," where it last appears, "the figures $3.00," etc., so as to change the receipt to show a payment of poll tax was a sufficient indictment under section 4720, Code 1896, and was in compli-ance with form 50 for indictments and sufficient.

3. *Evidence; Best and Secondary Evidence; Loss of Original.*—Be-fore secondary evidence is admissible to prove the contents of a writ-ing alleged to be lost, it must be shown that every reasonable effort which would result in its production has been made without avail.

4. *Same; Search.*—Where it appeared that the receipt was lost or misplaced while the notes of testimony before the grand jury were either in the office of the testifying witness, or in the office of the clerk of the court, and that witness had made diligent search for the same in his office, but could not find the same, secondary evidence of the contents of the receipt was inadmissible in the absence of proof that the place where the notes were kept in the clerk's office and from which they had been removed, had been searched and the receipt not found.

[Sims v. The State.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Will D. Sims were convicted of forgery, and he appeals. Reversed and remanded.

The indictment is in the following language: "The grand jury of said county charge that before the finding of this indictment Will D. Sims, with intent to injure and defraud, did alter a receipt for the payment of money which receipt is substantially as follows: 'Beat No. 4. No. 1,101. Feb. 24 1903. Received of H. V. Nix the sum of one & 50-100 dollars in full amount of taxes due the state of Alabama and county of Walker, tax year 1902. Real Estate. State tax, 55; special state tax soldiers, 10; special state tax school, 10; county tax, 50; special county tax bridge and C. H., 25; special county tax school. Personal Property. State tax, special state tax soldiers, special state tax school, county tax, special county tax bridges and C. H., special county tax school. Assessor's demand notice, .50; board of equalization, subpœnas, 25cts. ; notice, 25cts.; total, $1.50; interest. —— days at 8 per cent; collector's demand notice, 50cts. total. W. Richardson, Tax Collector.' And the grand jury aver that said alteration consisted in inserting therein after the words 'Assessor's demand notice, 50cts.,' the words 'poll tax, $1.50,' and inserting therein after the word "total," where it last appears therein, the figures '$3.00,' against the peace and dignity of the state of Alabama."

The following demurrers were interposed: "(1) The indictment charges no offense, in that the paper set out in said indictment is not such a paper as the statute makes the subject of forgery. (2) The paper set out in the indictment would not create any pecuniary demand or obligation. (3) The paper or receipt set out in the indictment is not one by which a pecuniary demand or

7 C

obligation purports to be created, and the false making
of which with intent to defraud is forgery.   (4) The
indictment, while setting out the alleged altered receipt,
does not set out any writing by which on its face any
person could be injured or defrauded, and no extrinsic
facts are averred showing such intent to injure or de-
fraud.   (5) The paper set out in the indictment fails
to show on its face the capacity to deceive or defraud, or
to create or to discharge a pecuniary liability."

The other facts sufficiently appear in the opinion of
the court.

D. A. McGregor, for appellant.   No brief came to
the Reporter.

Alexander M. Garber, Attorney-General, for the
State.   The indictment is in Code form.— Section
4720, Code 1896.   Under the evidence secondary evi-
dence of the receipt was properly admitted.—*Davidson
v. Kahn*, 119 Ala. 364.   Counsel discusses other assign-
ments of error but without citation of authority.

ANDERSON, J.—The indictment complied with the
statute.   Section 4720 of the Criminal Code of 1896, and
form 50.   It was not, therefore, subject to the demurrer
interposed.   The receipt therein described is such an in-
strument as is made the subject of forgery by the statute.

Before secondary evidence is admissible to prove the
contents of an instrument in writing, claimed to be lost,
it must be shown that every reasonable effort which
would result in its production was made without avail.
1 Greenleaf on Ev. 558; *O'Neal v. McKinnan*, 116 Ala.
606, 22 South. 905; *Boulden v. State*, 102 Ala. 78, 15
South. 341; *Alabama Construction Co. v. Meador*, 143
Ala. 336, 39 South. 216.   In the case at bar, the witness

[Wynne v. The State.]

Lacy testified that the receipt in question was lost or misplaced "while the notes were either in his office or the clerk's office, and that he had made diligent search for same in his office and could not find it." From this evidence the receipt could have been left in the clerk's office, when Lacy removed the grand jury notes therefrom, yet there is no evidence that the place where the notes were kept in the clerk's office, and from which the notes were removed, was searched. It might be that the original could have been found in the clerk's office, had a search been made for same. A proper predicate not having been shown, the trial court erred in admitting oral evidence as to the contents of the receipt, over the objection of the defendant.

The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur. cur.