(75 South. 641)
WILEY v. STATE. (6 Div. 354.)

(Court of Appeals of Alabama. May 15, 1917.)

1. CHATTEL MORTGAGES ⬦233 — SALE BY
MORTGAGOR—EVIDENCE—SUFFICIENCY.

To sustain a conviction for the offense of
selling mortgaged property, the state must prove
beyond a reasonable doubt that the defendant
had given a mortgage on the property so sold,
and that at the time of the sale such mortgage
was unsatisfied in whole or in part, and that such
sale was made without having first obtained the
consent of the lawful holder of the mortgage lien.

[Ed. Note.—For other cases, see Chattel Mort-
gages, Cent. Dig. § 494.]

2. CRIMINAL LAW ⬦680(2)—EVIDENCE—AD-
MISSIONS.

In prosecution for sale of mortgaged prop-
erty, alleged admissions of the defendant were
not admissible before the corpus delicti was
proven, even if a proper predicate had been laid.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. § 1610.]

3. CRIMINAL LAW ⬦400(7)—EVIDENCE—BEST
AND SECONDARY EVIDENCE.

In a prosecution for sale of mortgaged prop-
erty, evidence of statement made by alleged
mortgagee that he had a mortgage on the prop-
erty was incompetent as secondary evidence, un-
til absence of written mortgage was properly
accounted for, was inadmissible.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 879–886.]

4. CHATTEL MORTGAGES ⬦233 — SALE BY
MORTGAGOR—EVIDENCE—RELEVANCY.

In a prosecution for sale of mortgaged prop-
erty, evidence of any claim the alleged mort-
gagee might have had to the property, other than
the mortgage, was irrelevant.

[Ed. Note.—For other cases, see Chattel Mort-
gages, Cent. Dig. § 494.]

5. CHATTEL MORTGAGES ⬦233 — SALE BY
MORTGAGOR—EVIDENCE—SUFFICIENCY.

In a prosecution for sale of mortgaged prop-
erty, evidence held insufficient to sustain a con-
viction.

[Ed. Note.—For other cases, see Chattel Mort-
gages, Cent. Dig. § 494.]

Appeal from Winston County Court; John
F. Curtis, Judge.

O. L. Wiley was convicted of selling mort-
gaged property, and he appeals. Reversed
and remanded.

R. L. Blanton, of Haleyville, for appellant.
W. L. Martin, Atty. Gen., and P. W. Turner,
Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was tried
in the county court of Winston county un-
der a charge of selling mortgaged property,
and from a judgment of conviction he ap-
peals.

[1] In order to sustain a conviction for
this offense, the state must prove by evi-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence beyond a reasonable doubt: First, that there was a sale of personal property; second, that the defendant had given a written mortgage lien or deed of trust on the property so sold; third, that at the time of the sale such mortgage lien or deed of trust was unsatisfied, in whole or in part; fourth, that such sale was made without first having obtained the consent of the lawful holder of the mortgage, lien, or ·deed of ·trust. These things must be established by legal testimony. The legal testimony in this case is as follows: One Hogan traded for a mule from the defendant on the 2d day of October, 1916, in Winston County; that at the time Hogan did not know of any lien on the property; that afterwards defendant came and wanted the mule back. There was no evidence for the state that there was a written mortgage, lien, or deed of trust on the property.

[2] The admissions of the defendant, testified to by the witness Hogan, were not admissible.. The corpus delicti must be proven before confessions of a defendant are competent, even after a proper predicate has been laid. .Johnson v. State, 142 Ala. 1, 37 South. 937.

[3] The statement made by Wood, as testified to by the witness Hogan, that Wood said to Hogan that he (Wood) had a mortgage on the mule, was incompetent. Secondary evidence of a written instrument is not admissible until its absence has been properly accounted for. The highest evidence is the paper itself or the record. Du Bose v. State, 115 Ala. 70, 22 South. 613.

[4, 5] When Wood, who was claimed to have had a mortgage on the mule, was examined, he testified that he did not have a mortgage, lien, or deed of trust on the mule defendant traded to Hogan. Whatever other claim he may have had was not relevant to the issue in this case. On the evidence, as shown by the record, the defendant should not have been convicted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.