(78 South. 717)

CARROLL v. STATE. (8 Div. 536.)

(Court of Appeals of Alabama. April 16, 1918.)

1. PERJURY ⬅32(4) — INQUESTS—EVIDENCE.

Code 1907, § 7174a, authorizes any justice of the county to hold an inquest in the absence of the coroner, and hence in a perjury case it was permissible for the state to show that the person who held the inquest was a justice of an adjoining precinct, and that there was no justice in the precinct, and that he was called to hold the inquest.

2. CRIMINAL LAW ⬅695(2) — EVIDENCE — GENERAL OBJECTION.

A general objection to evidence, no grounds being stated, was properly overruled.

3. CRIMINAL LAW ⬅1045 — MATTERS REVIEWABLE—SAVING OBJECTIONS.

A motion to exclude evidence on which no ruling was made presents nothing for review.

4. CRIMINAL LAW ⬅695(5)—RECEPTION OF EVIDENCE—SCOPE OF OBJECTIONS.

In perjury case, an objection to evidence on the sole ground that defendant returned to the hearing and corrected his testimony was a waiver of all other grounds upon which the testimony might be excluded.

5. PERJURY ⬅32(1) — EVIDENCE — ADMISSIBILITY.

Where accused, at the trial at which the alleged perjury had been committed, returned and corrected his testimony, and it was a question for the jury at the trial for perjury whether the false testimony was prompted by corrupt motive or by duress, an objection to admission of evidence as to excuse for the false testimony was properly overruled.

6. CRIMINAL LAW ⬅1122(1)—MATTERS REVIEWABLE—RECORD.

A refused affirmative charge in a criminal case not incorporated in the bill of exceptions, nor indorsed "Refused" by the trial judge, as required by Code 1907, § 5364, as amended by Acts 1915, p. 815, cannot be considered on appeal.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Sam Carroll was convicted of perjury, and he appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

PER CURIAM. [1, 2] In the absence of the coroner or the event of his inability to attend, any justice of the peace of the county is authorized to hold an inquest on the body of a deceased person under the rules and regulations prescribed by chapter 235 of the Code of 1907. Code 1907, § 7174a. So it was not improper, but permissible, for the state to show that the person who held the inquest was a justice of the precinct adjoining that in which the body was found, and that there was no justice in that precinct, and that he

was called to hold the inquest, and the objection to this evidence was properly overruled. Moreover, the objection was general, no grounds being stated, and was properly overruled for this reason. Sanders v. Knox, 57 Ala. 80; Bates v. Morris, 101 Ala. 286, 13 South. 138.

[3] There was no ruling on the defendant's motion to exclude the evidence above noted, and nothing is presented by the motion.

[4] The motion to exclude the testimony of the witness Gis, as well as the motion to exclude all the evidence after the state rested, was put upon the ground that before the inquest adjourned he appeared before the coroner's jury and corrected his testimony by making a truthful statement. This was a waiver of all other grounds upon which the testimony might be excluded. McDaniel v. State, 97 Ala. 14, 12 South. 241; Harwell v. State, 12 Ala. App. 265, 68 South. 500; Orr v. Stewart, 13 Ala. App. 542, 69 South. 649.

[5] The excuse given by the defendant for making the first false statement was that he was under duress of personal violence from Tom Johnson, who was reputed to be a dangerous man, and while it appears that Johnson was taken into custody by the sheriff before the witness gave his testimony before the coroner's jury the last time, it also appears that defendant had been informed that the authorities were in possession of facts showing that his first statement was false, and it was a question for the jury under the evidence as to whether the defendant's first testimony was prompted by corrupt motive or by duress, and the motions to exclude the evidence were properly overruled.

[6] The affirmative charge set out in the record proper as a refused charge was not incorporated in the bill of exceptions, as might have been done under the recent ruling of the Supreme Court in Ex parte Mobile Lt. & Ry. Co., 78 South. 399,[1] nor is it indorsed "Refused" by the trial judge, as required by the statute, so as to make it a part of the record, and will not be considered. Code 1907, § 5364, as amended by Acts 1915, p. 815. Parnell v. Farmers' B. & T. Co., ante, p. 292, 77 South. 442.

We find no error in the record, and the judgment is affirmed.

Affirmed.