## CURB v. DABBS & TANNEHILL.
### (2 Div. 247.)

(Court of Appeals of Alabama. Nov. 14, 1922. Rehearing Denied March 6, 1923.)

**1. Appeal and error ⬤➡1068(2)—Rulings relating to counts in conversion and case, if error, harmless, in view of verdict in detinue only.**

Where complaint presented claims in detinue, for conversion and in case, and the verdict rendered responded to counts in detinue only, rulings relating solely to counts in conversion and case, if error, would be without injury.

**2. Evidence ⬤➡489 — Overruling objection to question as to value of use and hire of stock not error.**

Where plaintiff's witness qualified as to his knowledge of such value, overruling objections as to the value of the use and hire of stock sued for was not error.

**3. Appeal and error ⬤➡1078(1)—Errors not insisted on in brief held waived.**

An assignment of error not insisted on in brief is waived.

**4. Witnesses ⬤➡363(1)—State of feeling between witness and another not a party, held not material.**

In detinue, where witness was not a party, and the mortgagor of the property involved was also not a party, evidence showing a state of feeling between witness and the mortgagor was too remote to be material or relevant.

**5. Compromise and settlement ⬤➡23(2)—Acts of witness in continuing preparation of claim after defendant claimed settlement held material and admissible.**

Where, in detinue, defendant stated that there had been an agreement that stock contended for was turned over to witness for plaintiff and that witness had agreed to pay a certain feed bill and other expenses, and that the whole controversy had been settled, witness' acts continuing preparation to prosecute the claim, immediately after defendant claimed it had been settled, had a material bearing on the case, and as such were admissible.

**6. Appeal and error ⬤➡231(3)—Court not put in error for overruling general objection to question.**

The trial court will not be put in error for overruling general objections, where evidence was not entirely irrelevant.

**7. Chattel mortgages ⬤➡69—Evidence justified general affirmative charge for plaintiff, on defendant's plea that plaintiff did not have valid mortgage.**

In detinue, in which plaintiff claimed stock by virtue of a mortgage, evidence *held* to justify the general affirmative charge for plaintiff, on defendant's plea that plaintiff did not have valid mortgage at time of suit.

**8. Trial ⬤➡423—Oral charge without request held cured by giving requested charge.**

Oral general charge as to plea given without request, if error, is cured by giving requested general charge as to such plea.

**9. Detinue ⬤➡22—Charge that plaintiff had legal title to stock justified by evidence.**

In detinue, there being no evidence to the contrary, an instruction that under the evidence plaintiff had legal title to the property sued for *held* proper.

**10. Subrogation ⬤➡21—Defendant not subrogated to livery stable keeper's lien until bill therefor was paid by him.**

In detinue, where defendant claimed that by agreement with plaintiff's agent he turned the stock over to a livery stable keeper who was entitled, under Code 1907, § 4806, to a lien, defendant could not be subrogated to the rights of such keeper until he had paid such feed bill. Code 1907, § 5385.

**11. Appeal and error ⬤➡1033(5)—Charges held more favorable to defendant than evidence warranted.**

Where, in detinue, the burden of proving a lien in himself was on defendant, and the evidence failed to disclose such lien in him, under Code 1907, § 4806, or that as joint obligor with plaintiffs he paid a feed bill to the lienholder and thereby became subrogated to rights thereto, defendant cannot complain of instructions more favorable to him than facts warranted.

**12. Trial ⬤➡252(1) — Refusal of abstract charge not error.**

Where charges under the facts are abstract, refusal thereof is not error.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Action in detinue and trover by Dabbs & Tannehill against W. E. Curb. From a judgment for plaintiffs, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte W. E. Curb, 210 Ala. 45, 97 South. 111.

The following charge was given for plaintiff (assignment 12):

"The court charges the jury that they cannot find for the defendant under plea No. 5 for the defendant, unless they are reasonably satisfied by a preponderance of the evidence that there was a meeting of the minds of the defendant and plaintiff's agent as to all the material elements of the said alleged agreement set up in said plea."

This charge was refused to defendant (assignment 13):

"The court charges the jury that if you are reasonably satisfied from the evidence in this case that the defendant agreed on October 16, 1920, to turn the stock over to plaintiffs' agent, and plaintiffs' agent left same in defendant's

possession until November 24, 1920, and at that time the plaintiffs by their duly authorized agent agreed to pay the feed bill, if you believe there was a feed bill, and send for the stock, and the plaintiffs did not pay same, or send for the stock, and permitted said stock to remain in the possession of defendant, the defendant would be entitled to retain possession of the stock until said feed bill was paid, if there was one, and in that event the defendant would be entitled to a verdict at your hands."

J. F. Thompson, of Birmingham, and R. B. Evins, of Greensboro, for appellant.

A witness cannot testify to value without first being qualified to give an opinion relative thereto. Baker v. Green, 17 Ala. App. 290, 84 South. 545; Ga. C. O. Co. v. Carlisle Seed Co., 200 Ala. 226, 75 South. 984; Whitehead v. Jasper O. & F. Co., 200 Ala. 668, 77 South. 42. Self-serving declarations are never competent. Holmes v. State, 136 Ala. 80, 34 South. 180; Johnson v. Johnson, 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031; Finney v. Newsom, 203 Ala. 191, 82 South. 441. If plaintiff left the stock with defendant without an agreement to pay cost of keeping, the law would imply the obligation on plaintiff. Frank v. Pickens, 69 Ala. 369; Rice v. Garnett, 17 Ala. App. 239, 84 South. 557.

S. H. Sprott and J. M. Ward, both of Tuscaloosa, and W. L. Hogue, of Marion, for appellee.

Where evidence is not manifestly illegal and apparently incapable of being rendered admissible, the court will not be put in error for overruling a general objection. Circuit court rule 33; Wigginton v. State, 17 Ala. App. 651, 87 South. 698; Adams Hdw. Co. v. Wimbish, 201 Ala. 547, 78 South. 901; Stamps v. Thomas, 7 Ala. App. 622, 62 South. 314; Bufford v. Little, 159 Ala. 300, 48 South. 697; Sanders v. Knox, 57 Ala. 80.

SAMFORD, J. [1] The complaint as amended presents plaintiffs' claims in three aspects: First, in detinue, claiming certain specific property and damages for its detention; second, for the conversion of the same property; and, third, for destruction of plaintiffs' lien on the same property. There was a verdict rendered responding to the counts in detinue only; and hence it will not be necessary for us to notice any of the assignments of error not relating to the suit in detinue. Rulings of the court relating solely to the counts in conversion and case, if error, would be without injurious effect upon defendant's case.

[2] The court did not err in overruling defendant's objection to plaintiffs' question, propounded to the witness Piper, as to the value of the use and hire of the stock sued for, and overruling the motion of defendant to exclude the answer made the basis of assignments 2 and 3. This witness had qualified as to his knowledge of this value. Aside from that, there was no recovery, above one cent, for use and hire, and therefore this testimony could not have affected defendant's case injuriously.

[3] The first assignment of error, not being insisted on in brief, is waived.

[4] The exceptions made the basis of assignments 4, 5, and 6, are clearly without merit. This was an effort on the part of defendant to show the state of feeling existing between witness then testifying and the mortgagor of the property involved in the suit. Witness was not a party, and the mortgagor was not a party. This testimony is entirely too remote to be material or relevant.

[5] While the witness Ward was being examined by plaintiffs, he was asked if he had associated any counsel with him or made arrangements to associate any counsel with him on the same day and after he had had a conversation with defendant. General objection was interposed to this question, and, witness having answered that he did, motion to exclude was made on the same general grounds. It is now urged in brief that this was a self-serving declaration, and as such its admission was prejudicial error.

[6] That this testimony related to the issues involved could hardly be gainsaid. The defendant had testified that in the conversation referred to there had been an agreement that the stock contended for was turned over to witness for the plaintiffs, and that witness had agreed to pay a certain feed bill and other expenses named, and that the whole controversy had been settled. Witness denied this. His acts containing preparation to prosecute the claim, immediately after defendant claims it had all been settled, would have had a material bearing on the case, and as such was admissible. Aside from the foregoing, the objection was general, and does not include the special objection now sought to be urged. Where this is the case, and the evidence is not entirely irrelevant, the court will not be put in error for overruling the objections. Sanders v. Knox, 57 Ala. 80; Adams Hdwe. Co. v. Wimbish, 201 Ala. 547, 78 South. 901. This also disposes of the eighth assignment.

[7, 8] The plaintiffs claimed title to the property sued for under a mortgage signed by one B. D. Mathews, the party from whom defendant purchased, on March 24, 1920. This mortgage was in all things regular, witnessed and recorded, and the signature was proven by the two subscribing witnesses, who also testified that the same was executed on the afternoon of the day the mortgage bears date, and there was no evidence of its payment. The defendant filed plea 3 as follows:

"That defendant denies that plaintiffs have a valid, legal, and unpaid mortgage on the stock

described in the complaint at the time this suit was brought."

There was no dispute as to the identity of the stock. The court at the request of the plaintiffs in writing gave the general charge in favor of plaintiff as to this plea, after having already done so in his oral charge without the request. If the oral charge was error, this error was cured by the subsequently given written charge, if the court was not in error in giving the written charge. Gulf Shingle Mfg. Co. v. Boyles, 129 Ala. 192, 29 South. 800.

The only testimony offered by defendant, which it is claimed tends to impeach the validity of the mortgage, is that of Frank Whitson, who says Mathews brought the stock to Marion, according to his best recollection, about 5 o'clock on Tuesday of the last week in March, 1920, during the same week defendant bought the stock on Saturday. This, according to the calendar, was the 23d day of March. This testimony in itself is not sufficient to warrant an inference impeaching the execution of the mortgage in the face of the positive, direct, and unequivocal testimony that the mortgage was executed in Tuscaloosa 24 hours afterwards. In other words, Mathews may have been in Marion on the 23d and yet have executed the mortgage in Tuscaloosa on the 24th, and, in the absence of evidence tending to prove the contrary, the court did not err in giving the requested charge as to plea 3. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

[9] There being no evidence to the contrary the court correctly instructed the jury at plaintiffs' request in writing:

"The court charges the jury that under the evidence in this case the plaintiffs have the legal title to the property sued for."

This disposes of assignments 9, 10, 11.

[10] One of the claims set up by the defendant, as a bar to the plaintiffs' right to recover on the counts declaring in detinue, was that on October 16, 1920, upon demand being made on him by plaintiffs, or their duly authorized agents, he turned the stock over to plaintiffs, and that they were left with him to care for and feed, until such times as plaintiffs should send for them, that from that day he ceased to use the stock, turned them into his barn and kept them for plaintiffs, until November 24, 1920. Plaintiffs denied this and on this point the evidence was in conflict, and as to the tendencies of plaintiffs' evidence it will be unnecessary to comment. Defendant's evidence tended to show the agreement as above set out and that defendant turned the stock into the barn of Brice & Co., a livery stable keeper, where they were cared for under defendant's directions and the bill charged to plaintiffs. This, if defendant's testimony should be ac-

cepted, would entitle Brice & Co. to a lien on the stock under section 4806 of the Code of 1907, but no lien could arise in favor of defendant by virtue of this arrangement. The obligation to pay the feed bill, if it be such, either expressed or implied, arises in favor of Brice & Co., who were the keepers, owners or proprietors of the stable, and whatever claim defendant may have as against plaintiffs, by reason of obligations incurred by him in the caring for the stock, he has no such lien as will defeat plaintiffs' recovery in an action to recover possession, until he has placed himself in position to be subrogated to the rights of Brice & Co., the lienholder, by paying the feed bill for which both he and plaintiffs are liable. Code 1907, § 5385; 25 R. C. L. 1370, par. 53; Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 South. 48.

[11] The burden of proving a lien in himself was on defendant. The evidence fails to disclose a lien in defendant by virtue of section 4806 of the Code of 1907, or that as joint obligor with plaintiffs, he paid the feed bill to the lienholder, and thereby became subrogated to the rights of Brice & Co.; therefore those charges, made the basis of assignments 12 and 13, while not correctly stating the law, are more favorable to defendant than the facts of this case warranted.

[12] The charge made the basis of the thirteenth assignment under views above expressed are abstract, and therefore properly refused.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.