(107 So. 903)

### DAVIS v. ERWIN.  (7 Div. 639.)

(Supreme Court of Alabama.  March 25, 1926.)

**1. Appeal and error ☞863.**

On appeal by plaintiff because dissatisfied with amount of verdict, only alleged errors affecting amount of damage will be considered.

**2. Evidence ☞99—In action for trespass and conversion of building condemned by health officer, and purchased by defendant, evidence as to whether agent of plaintiff protested to health officer about trying to sell building held properly excluded.**

In action for trespass and conversion of building ordered condemned by health officer, evidence as to whether agent of plaintiff protested to health officer about trying to sell the building *held* properly excluded; there being nothing to show that defendant, who purchased building and tore it down, was present and heard conversation.

**3. Appeal and error ☞1052(5).**

Upon appeal by plaintiff because dissatisfied with amount of verdict, evidence, if not affecting damages, is not prejudicial, even if erroneous.

**4. Trespass ☞45(5)—Trover and conversion ☞39—Evidence of date of sale of building condemned by health officer and amount of purchase price held competent on question of exemplary damages for trespass and conversion by purchaser removing building.**

In action for trespass and conversion of building ordered torn down by public health officer, and purchased by defendant, evidence of date of sale and as to check given for purchase price and amount paid for building *held* competent on question of exemplary damages as tending to show circumstances under which defendant removed house.

**5. Trover and conversion ☞16—Ownership and right to immediate possession of house held basis for recovery in conversion.**

Evidence that plaintiff owned lot and house thereon, and had right to immediate possession at time it was sold under order of health officer to defendant who removed it to his own premises, *held* basis for recovery in conversion.

**6. Trial ☞139(1).**

General charge with hypothesis as to count under which evidence shows right of recovery is erroneous.

**7. Appeal and error ☞1062(4).**

General charge with hypothesis as to one count, although erroneous, is without injury, where all elements of damage recoverable under that count are recoverable under counts submitted.

**8. Trover and conversion ☞46.**

In action for conversion of house removed, only value of house after removal is recoverable; trespass on lot being waived or disregarded.

**9. Trespass ☞50—In trespass for removal of house, plaintiff may recover its value standing on lot, injury caused by removal, and exemplary damages.**

Under trespass charge, based on removal of house from plaintiff's lot, plaintiff can recover value of house standing on lot, injury to freehold by removal, and exemplary damages, if warranted.

**10. Appeal and error ☞1068(4)—Where plaintiff is awarded damages, instruction to find for defendant, if plaintiff was not damaged, held not prejudicial, if erroneous.**

Where jury actually returned verdict in favor of plaintiff as damage in trespass for removing house from plaintiff's lot, instruction that verdict should be for defendant, if plaintiff sustained no damage by reason of removal, *held* not prejudicial, if erroneous.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Mrs. E. D. Davis against B. W. Erwin. Being dissatisfied with the amount

of the judgment in her favor, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Victor Vance, of Gadsden, for appellant.

It was error to give the affirmative charge as to count A. White v. Yawkey, 19 So. 360, 108 Ala. 270, 32 L. R. A. 199, 54 Am. St. Rep. 159. Plaintiff was entitled to exemplary damages. 26 R. C. L. 967; Snedecor v. Pope, 39 So. 318, 143 Ala. 275; Barrett v. Mobile, 30 So. 36, 129 Ala. 179, 87 Am. St. Rep. 54.

E. O. McCord & Son, of Gadsden, for appellee.

If any of the rulings assigned were erroneous, the same were harmless. Franklin v. Argyro, 100 So. 811, 211 Ala. 506; Lewis v. Wallace, 82 So. 127, 203 Ala. 113; Rhodes v. McWilson, 77 So. 465, 16 Ala. App. 315; Walker v. Smith, 74 So. 451, 199 Ala. 514. Plaintiff could have recovered every item of damages claimed in count A under count B of the complaint. Curb v. Dabbs, 97 So. 109, 19 Ala. App. 149.

MILLER, J. This is a suit by Mrs. E. D. Davis against B. W. Erwin. There are two counts in the complaint. Count A claims damages for the conversion by defendant of lumber, brick, hardware, and other building material of what was a four-room house, the property of plaintiff. Count B claims damages for trespass by the defendant on a lot in Attalla owned by plaintiff, and tearing down and moving therefrom a four-room house.

The defendant pleaded general issue. The jury returned a verdict in favor of the plaintiff for $62.50, and from a judgment thereon in favor of the plaintiff, this appeal is prosecuted by the plaintiff.

[1] The plaintiff appeals because dissatisfied with the amount of the verdict of the jury, and under such circumstances only the alleged errors which affect the amount of damages will be considered. Franklin v. Argyro, 100 So. 811, 211 Ala. 506, headnote 1; Lewis v. Wallace, 82 So. 127, 203 Ala. 113, headnote 1.

The plaintiff resides in New York City, and owned a lot in Attalla, Ala., on which she had a four-room house. The house was old, dilapidated, decaying, falling down, unoccupied, and contained much human excreta. It was unsanitary, and located near homes of the residents of the city. The condition of the house was called to the attention of the agent of the owner, and he stated he had no authority to repair it. The county health officer inspected it, and ordered the house sold without any court proceedings. The defendant bought it for $12.50, gave his check for it to the health officer, and the check was deposited in the bank, where it is at present. The defendant was

mayor of the city at the time. The defendant then had the house taken down, and removed the materials of it to his lot. The plaintiff was in London, England, on a visit at the time, and knew nothing of it. There is no contention by appellee that the defendant, by his purchase of the house, and paying $12.50 for it to the health officer, secured thereby any right or title to it, so that phase of the evidence need not be discussed.

[2] The plaintiff asked Dr. Murphree, the county health officer: "Did he [meaning the agent of plaintiff] protest against your trying to sell the place?" The court sustained defendant's objection to this question, and plaintiff duly excepted. There is nothing to show that defendant was present and heard this conversation. What the agent of plaintiff said to the health officer would not affect the defendant or his rights in this cause, and the court properly sustained the objection to the question. The health officer asked the agent of the plaintiff, after inspecting the property, if he could not put it in sanitary condition; that he recommended that it be removed, or at least cleaned and nailed up, and the agent replied "he had no authority to incur any expense."

[3] The defendant, over objection and exception of the plaintiff, was permitted by the court to ask this question of the health officer: "Did you not tell him it would have to be done?" and he answered: "I told him we had condemned it or have it removed; it would not be right to leave it there as a menace." If in this ruling the court erred, it was without injury to the plaintiff, as the testimony in no way affected the amount of damages. Franklin v. Argyro, supra.

[4] The court did not err in admitting evidence as to when the house was sold, the check given by the defendant for the purchase price, and the amount paid for the house. This evidence was competent and relevant to go to the jury on the question of exemplary damages as tending to show why and under what circumstances the defendant removed the house from the lot. Barrett v. City of Mobile, 30 So. 36, 129 Ala. 179, 87 Am. St. Rep. 54; 12 Michie, p. 313, § 42.

It appears from the evidence that one Ingram sold this house to the defendant. He was street tax and sanitary collector of Attalla, and working also as deputy tax collector of the city, and was working under the health officer as sanitary inspector at the time of the sale. The court would not, over objection of defendant, allow the plaintiff to ask the defendant the following question: "Who paid him?" Whether the question was intended to find out who paid him for making the sale or who paid his salary, it called for no evidence which would tend to increase or decrease the amount of damages in this case, and the plaintiff cannot complain at this ruling of the court. Authorities supra.

[5] The court, at the request of defend-

ant, gave the general affirmative charge with hypothesis in favor of the defendant as to count A. This was the conversion count. There was evidence that plaintiff owned this lot and this house thereon, and that she had the right to the immediate possession of the house at the time of its conversion, and that the defendant converted it to his use by wrongfully taking it and removing it to his premises. This, if believed by the jury, would entitle plaintiff to recover under this count (A). Booker v. Jones, 55 Ala. 266; Beall v. Folmar, 26 So. 1, 122 Ala. 419; Zimmerman v. Dunn, 50 So. 906, 163 Ala. 274; Moebes v. Garth, 97 So. 703, 210 Ala. 201.

[6, 7] Where the evidence shows a right of recovery by the plaintiff under a count in the complaint, this general charge with hypothesis as to that count should not be given by the court to the jury in favor of the defendant. Brown v. Mobile Elec. Co., 91 So. 802, 207 Ala. 61, headnote 8. So the court erred in giving this written charge to the jury, but it was without injury to the plaintiff.

[8, 9] Count B was submitted to the jury. They assessed plaintiff's damages under it at $62.50. Every item of damage recoverable by plaintiff under count A and more could be recovered by her under count B. Under this conversion count (A), plaintiff could recover the value of the house, after its removal from the lot; and, under the trespass count (B), plaintiff could recover the value of the house standing on the lot, any injury to the freehold by the removal of it, and exemplary damages, if the acts are attended by aggravating circumstances of wantonness or malice. In trover, the conversion count, the trespass on the lot is waived or disregarded. White v. Yawkey, 19 So. 360, 108 Ala. 270, 275, 32 L. R. A. 199, 54 Am. St. Rep. 159; 12 Michie, p. 113, § 42; Curb v. Dabbs, 97 So. 109, 111, 19 Ala. App. 149; Mitchell v. Billingsley, 17 Ala. 391. See, also, Barrett v. City of Mobile, 30 So. 36, 129 Ala. 179, 87 Am. St. Rep. 54.

[10] The court gave at the request of the defendant the following charge to the jury:

"The court charges the jury that, if the plaintiff has really sustained no damage by reason of the removal of the house, your verdict should be in favor of the defendant."

There was some positive evidence clearly indicating that plaintiff sustained no damage by the defendant wrongfully entering on the lot and removing this house from it; that she was benefited and her lot improved thereby. There was much evidence to the contrary. The jury rendered a verdict in favor of the defendant, gave her $62.50 damages, showing they did not believe that phase of the evidence tending to show no damage, and found the charge inapplicable. If the court erred in giving this charge, which we do not decide, it was without injury to the plaintiff. The substantial rights of the plaintiff were not injuriously affected by the court giving that charge to the jury. Supreme Court rule 45, and authorities supra.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.