140 So. 184

## MEDLEY v. STATE.

### 4 Div. 841.

Court of Appeals of Alabama.
Jan. 19, 1932.

Rehearing Denied March 1, 1932.

Guy W. Winn, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was charged under section 5004 of the Code of 1923 with selling personal property upon which he had given a lien, without first obtaining the consent of the lien holder.

■ Some objections were made to the secondary proof of the mortgage covering the property in question. Proof was made that defendant had signed a mortgage covering the bale of cotton sold, and that the mortgage had been delivered to defendant and was not at the time of trial in the possession or under the control of the mortgagee. A copy of the record of the mortgage from the record book of mortgages in the probate office of Barbour county, duly certified, was then admitted in evidence. Whatever questions of merit may have arisen by and on account of the rulings of the trial court regarding the introduction of this copy were rendered of no avail by the admissions of the defendant, while testifying as a witness, that he did sign a mortgage payable to the mortgagee and in the presence of the witness whose name appears to be signed as such to the mortgage offered in evidence.

■ It is also admitted by the defendant in his testimony that he sold a bale of cotton raised on his farm to Mr. Burch, without having first obtained the consent of the mortgagee. It is the contention of the defendant that at the time of the sale of the bale of cotton to Burch he had paid the full amount due on the mortgage. There seems to be no doubt that the mortgage is now paid, but whether it was paid at the time of the sale of the bale of cotton was a question of fact for the jury. A subsequent payment of the mortgage debt after an illegal sale of mortgaged property by the mortgagor does not purge the illegal act of its criminality and is no defense to a criminal prosecution. Steed v. Knowles, 79 Ala. 446. This was a question

for the jury and was fully and fairly submitted to them by the trial judge.

We find no error of a prejudicial nature, and the judgment is affirmed.

Affirmed.

### On Rehearing.

The defendant testified when examined as a witness that he had signed a mortgage to Ross at the time and place as testified to by. Ross and De Loach. He further testified that he signed same without reading it or requesting that it be read to him. He admitted that, at the time he sold the bale of cotton here in question, he had not settled or paid the mortgage, and that at the time of the sale of the bale of cotton to Burch he told Burch he would have to get the consent of Ross, the mortgagee. He also admitted that, after Ross had gotten the bale of cotton from Burch, by attachment he made settlement of the mortgage with Ross, and that the paper was delivered to him. Both Ross and De Loach, who signed the mortgage as an attesting witness, testified to the execution of a mortgage by defendant and its recordation in the office of the judge of probate of Barbour county. Ross, De Loach, and the probate judge identified the copy, the contents of which created a lien on the bale of cotton sold by defendant to Burch. The defendant objects to the introduction of this copy in evidence on general grounds, and there is no ground of objection that a proper predicate had not been laid.

It is the law that secondary evidence of the contents of a paper will not be received in evidence over timely and proper objection until the absence of the original has been accounted for, and, when the paper is in the possession of the defendant in a criminal case, proper demand must have been made upon him to produce the document. Wiley v. State, 16 Ala. App. 93, 75 So. 641; Jernigan v. State, 81 Ala. 58, 1 So. 72; Sims v. State, 155 Ala. 96, 46 So. 493; Nailer v. State, 18 Ala. App. 127, 90 So. 131; Snyder v. State, 78 Miss. 366, 29 So. 78.

An objection general and undefined, however, does not raise the point that no demand had been made on defendant to produce the mortgage. Such was the objection here. The copy of the mortgage was legal, relevant, and material and was capable of being rendered admissible in connection with other evidence. The court did not err in overruling the general objection. Sanders v. Knox, 57 Ala. 80; Brannon v. State, 16 Ala. App. 259, 76 So. 991; Carroll v. State, 16 Ala. App. 454, 78 So. 717; Chambers v. State, 17 Ala. App. 178, 84 So. 638; Curb v. Dabbs & Tannehill, 19 Ala. App. 149, 97 So. 109.

The application is overruled.