Selling an automobile to hinder, delay or defraud a lien holder: sentence, four years imprisonment. Code 1940, T. 14, § 363.
On April 29, 1974, Kirkland, a used car dealer, borrowed as a "business loan" $508.00 from The Dothan Bank and Trust *Page 1140 
Company. He signed a note and a security agreement which covered as collateral a 1974 Plymouth Fury four door sedan. On September 27, 1974 he renewed the note.
However, on June 26 he had sold the car through The Auto Auction for a price of $345.00. The security agreement expressly denied the debtor authority to sell, etc., the collateral "in any manner not specifically authorized by this agreement."
The loan officer for the Bank admitted under cross examination that he had agreed verbally to Kirkland's having a "floor plan." He insisted, however, that this was not in contradiction of the security agreement.
Kirkland did not testify.
Appellant's counsel presses two points of claimed error: first, overruling the defendant's motion to exclude the State's evidence and second, overruling objection to the prosecutor's referring to defendant in argument to the jury as "slippery."
 I
Both parties here cite Wiley v. State, 16 Ala. App. 93,75 So. 641, as the touchstone for interpreting the statutory crime here charged. That case gives as required elements: (1) a sale (or removal) of personal property; (2) a written mortgage or deed of trust upon the property to which the defendant was bound; (3) the lien's not being satisfied at the time of the defendant's selling the collateral; and (4) no prior consent of the mortgagee to the sale.
Appellant argues that since the loan officer testified he had agreed to Kirkland's selling cars from time to time covered by security agreements consequently a course of dealing became a part of the instant loan and mortgage. Yet the officer in each occasion testified that Kirkland was required to remit the sale proceeds to the Bank. This feature distinguished Kirkland's "floor plan" from the one in evidence in Farris v. State,41 Ala. App. 51, 130 So.2d 54, even if the Bank may have occasionally waived strict compliance.
The jury was, under the evidence, entitled to view the consent to sell as qualified by a promise of prompt payment of the proceeds of the sale. Therefore the trial judge did not err in overruling the motion to exclude.
 II
"Slippery" no doubt carries a derivative pejorative connotation. One of its dictionary meanings is "deceitful."
The evidence of renewing the note after the car was sold would support an inference of deceit. The test of legitimate argument is that whatever is based on a fact or facts in evidence is within the scope of proper comment in argument to the jury.
We have examined the whole record as required by Code 1940, T. 15, § 389 and consider the judgment below is to be
AFFIRMED.
All the Judges concur.